422 So.2d 708 (1982)
M & A FARMS, LTD., Plaintiff-Appellee,
v.
TOWN OF VILLE PLATTE, et al., Defendant-Appellant.
No. 82-321.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
*710 Fusilier, Pucheu & Soileau, A. Gaynor Soileau, Ville Platte, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Dubuisson & Dubuisson, Edward B. Dubuisson, Opelousas, J. Wendel Fusilier, Ville Platte, Guglielmo & Lopez, Peter Caviness, Opelousas, for defendant-appellee-appellant.
Before DOUCET, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
M & A Farms, Ltd. (M & A) filed this suit against the Town of Ville Platte to recover damages for a trespass and for a mandatory injunction to correct the damage to a levee. The town answered and filed a third party demand for contract indemnification against Dodge Construction Company (Dodge), the town's contractor on a construction project. Dodge in turn filed a third party demand based on negligence and/or fault against Paul N. Fontenot and/or Paul N. Fontenot, Inc., the engineer for the project, and his or its insurer. After trial on the merits, the district court rendered judgment in favor of M & A and against the Town of Ville Platte for damages totalling $7,033 plus $5 a day from the date of the trespass until the property is restored to its former condition, and also granted a mandatory injunction ordering the Town to restore the property to its former condition within 90 days from final judgment. The district court further granted judgment in favor of the Town of Ville Platte on its third party demand against Dodge, and also granted Dodge a judgment on its third party demand against Paul Fontenot and/or Paul Fontenot, Inc. and his or its insurer. The Town of Ville Platte, Dodge Construction Company, Paul Fontenot and/or Paul N. Fontenot, Inc. and the latter's insurer have all appealed. M & A answered the appeal seeking an increase in the award of damages.
The facts of this case are relatively simple. The Town of Ville Platte employed Paul N. Fontenot to draw up plans and specifications for the resurfacing of certain streets and other related improvements. The contract also required that Paul N. Fontenot provide all engineering services for the project including the inspection and supervision of the construction. Dodge was awarded the construction contract. Under its contract Dodge was required to take orders and directions from the engineer.
Included in the construction project were plans for improvements along Hickory Street. The street for a distance of 986 feet bounded the northern side of property belonging to M & A. The plans provided for the construction of sidewalks on the south side of Hickory Street. The sidewalks were to be laid on M & A's property. The town never obtained a written right of way from M & A.
A levee ran along the north edge of M & A's property parallel to Hickory Street. The levee occupied the area designated by the construction plans for the building of the sidewalk. On October 10, 1979 Douglas Fontenot, the designated job site inspector for Paul N. Fontenot, instructed Dodge to level the levee and utilize the dirt to fill in the roadside ditch lying between the street and the levee. After this was done Clem Morein, the sole stockholder and president of M & A Farms, Ltd., discovered the equipment on his property and ordered the construction crew out. The sidewalk was never constructed and the present lawsuit followed.
*711 The issues presented by these appeals are whether the trial court erred:
1) In finding that the town committed a trespass;
2) In the award of damages;
3) In issuing the mandatory injunction;
4) In finding Dodge liable under its contract with the town for damages;
5) In finding Paul Fontenot and/or Paul Fontenot, Inc. negligent and/or at fault in causing Dodge to trespass upon M & A's property.
We will discuss these issues under the headings 1. Trespass, 2. Quantum, 3. The Mandatory Injunction, and 4. Ville Platte's Third Party Demand.

TRESPASS
To constitute a trespass there must be an unlawful physical invasion of the property or possession of another. Gliptis v. Fifteen Oil Company, 204 La. 896, 16 So.2d 471 (La.1943); and Patin v. Stockstill, 315 So.2d 868 (La.App. 1st Cir.1975).
Dodge's construction crew bulldozed the levee down on direct orders from Douglas Fontenot, the on-the-job inspector for the Town's engineer. The Town had a right of way for Hickory Street but the levee was outside this right of way. Although the needed right of way had been discussed with Clem Morein, M & A's president and the sole stockholder, none was ever granted. The trial court was correct in finding that the entry onto plaintiff's property constituted an actionable trespass.
Likewise, the trial court was correct in concluding that the Town was vicariously liable for the actions of its engineer and the latter's employees since they were hired to supervise and direct the job, and were acting for the Town when they ordered the trespass. La.Civ.Code art. 2320.

QUANTUM
The Town of Ville Platte complains that the damages awarded were neither proved nor authorized by law. The plaintiff answered the appeal seeking an increase.
The trial court awarded plaintiff $4,000 for the trespass, $3,000 for the property damage, $33 for the crop damage, and $5 a day for the continuing trespass.
In Louisiana only compensatory and not punitive or exemplary damages are recoverable for injury done to property. Bentley v. Industrial Fire Protection Company, 338 So.2d 1177 (La.App. 2nd Cir.1976). In the assessment of damages arising out of trespass the trial court has much discretion, but the damage must be certain and the discretion exercised only to the extent of the damage and ascertained from all the facts and circumstances. Ibid.
In the present case the plaintiff showed that it suffered property damage by the destruction and removal of the levee. The levee was 986 feet long, approximately two to three feet high and four to five feet wide. This dirt was taken off M & A's property and used to fill the ditch within the Town's right of way. We cannot say that the trial court abused its discretion in awarding $3,000 for this damage to plaintiff's property, and find that award to be appropriate.
The same observation can be made regarding the award of $33 for the damage to the bean crop.
The $4,000 award for the trespass was evidently intended by the trial court as an award for mental anguish suffered as a result of the trespass, since no other damages may be inferred from the acts. We find the trial court erred in this award. Plaintiff is a corporation. A corporate plaintiff cannot experience mental anguish. See Wendorf v. Corley, 394 So.2d 1252 (La. App. 3rd Cir.1980).
We also find that the trial court erred in awarding $5 a day from the date of the trespass until the property is returned to its former condition. The trespass in this case did not constitute a continuing trespass.
A continuing trespass occurs where the defendant erects a structure or places an object upon the land of the plaintiff and fails to remove it. The trespass continues *712 as long as the offending object remains on the premises, and the trespass is terminated only by the removal of the object wrongfully placed there. Joseph A. Neyrey, General Contractor v. Louisiana Power & Light, 347 So.2d 266 (La.App. 4th Cir.1977). See also Prosser, The Law of Torts, § 13, p. 74-75 (4th ed. 1971).
In the present case no object or structure was erected upon the plaintiff's property. The employees of Dodge left the property when asked by Mr. Morein before the construction of the sidewalk. Under these circumstances the trial court erred in finding a continuing trespass.

THE MANDATORY INJUNCTION
In considering whether the trial court erred in granting a mandatory injunction ordering the Town of Ville Platte to restore plaintiff's property to its original condition, the Town argues that the plaintiff failed to show irreparable injury justifying such an injunction. We agree.
Under LSA-C.C.P. art. 3601 an injunction should issue only where the party is threatened with irreparable loss or injury without an adequate remedy at law.[1]Caffery v. Powell, 320 So.2d 223 (La.App. 3rd Cir.1975). "Irreparable injury justifying an injunction is that which cannot be adequately compensated in damages, for which damages cannot be compensable in money, ..." Greenberg v. DeSalvo, 254 La. 1019, 229 So.2d 83 (La.1969).
In the present case the plaintiff was awarded $3,033 for the damages to its property. This award fully compensated the plaintiff for its damage and the issuance of the mandatory injunction was therefore improper.

VILLE PLATTE'S THIRD PARTY DEMAND
As stated earlier, we agree with the trial court that the Town is liable for the trespass. We now turn to a consideration of the Town's third party demand against Dodge Construction Company. The Town alleged that under its contract with Dodge, Dodge is responsible for any damages to personal property.
Under § 1D.55 of the contract Dodge agreed not to "enter upon private property for any purpose without first obtaining permission from the owners and lessees" and that "the contractor shall be responsible for the preservation ... of all private property". However, we do not regard these provisions as conferring upon the Town the right to seek indemnification from Dodge for damages caused by the negligence of the Town's employee.
In the present case Sidney Fontenot, the President of Dodge Construction, testified that Paul Fontenot, the Town's engineer, had told him to proceed with the east end of Hickory Street because of right of way problems on the other end. He testified that he was never told of right of way problems with the portion of the street fronting the property of M&A. He knew he was to take orders from the engineer and to follow the plans and specifications drawn up by the engineer. The contract itself is explicit in this regard, providing that the "engineer shall give all orders and directions contemplated under this contract and specifications relative to the execution of the work". The undisputed testimony reveals that Dodge was given plans and specifications calling for a sidewalk to be built where the levee was, and that Douglas Fontenot, the on-the-job inspector specifically instructed Dodge to level the levee and move the dirt into the ditch.
Under these circumstances we do not find any fault or negligence on the part of Dodge Construction Company which caused the trespass. The trespass was caused by the negligence of Douglas Fontenot in giving *713 the order to tear down the levee and/or Paul Fontenot in failing to advise Douglas and Dodge of the right of way problem. Paul N. Fontenot, Inc. was employed by the Town to oversee the project. The contract does not provide for the indemnification against damage resulting from the negligent acts of Paul N. Fontenot, Inc. and/or Paul N. Fontenot. We interpret the provision to provide indemnification only for damage to personal property caused by the negligence and/or fault of Dodge. For this reason we find the trial court committed manifest error in awarding the Town of Ville Platte judgment in favor of Dodge Construction Company based upon the third party demand.
Since we have concluded that the Town's third party demand should have been dismissed, we need not consider Dodge's third party demand against Paul N. Fontenot, Inc. and/or Paul Fontenot. La.C.C.P. article 1111 et seq.
For the reasons assigned, the judgment in favor of M&A Farms, Ltd. against the Town of Ville Platte in the sum of $7,033 plus $5 a day for the continuing trespass is hereby amended to a judgment in favor of M&A Farms, Ltd. against the Town of Ville Platte in the sum of $3,033. The issuance of the mandatory injunction in favor of the plaintiff against the Town of Ville Platte is hereby reversed and set aside. The judgment in favor of the Town of Ville Platte as to its third party demand against Dodge Construction Company is hereby reversed and set aside, and judgment is hereby entered in favor of Dodge Construction Company against the Town of Ville Platte dismissing the action. The judgment against Paul Fontenot, and/or Paul N. Fontenot, Inc., and their insurer on the third party demand of Dodge Construction Company is reversed and set aside. The Town of Ville Platte will pay all costs of both trial and appeal.
AMENDED AND AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
NOTES
[1] This is not a proper situation where injunctive relief under LSA-C.C.P. art. 3663 is applicable. Such relief is granted to protect the possession of one's property from trespassers. See Elliott v. Louisiana Intrastate Gas Corporation, 336 So.2d 925 (La.App. 3rd Cir.1976); and § b of the Official Revision Comments to LSA-C.C.P. art. 3663. In the present case the trespass is no longer continuing as in Elliott, supra.