476 So.2d 1042 (1985)
Austin Edwin WHIPP and Ruth Elizabeth Whipp, Plaintiffs-Appellees,
v.
BAYOU PLAQUEMINE BRULE DRAINAGE BOARD, et al., Defendants-Appellants.
Raymond J. DOUCET, Irene Miller, and Beulah Richard Boone, Plaintiffs-Appellees,
v.
BAYOU PLAQUEMINE BRULE DRAINAGE BOARD, et al., Defendants-Appellants.
Nos. 84-617, 84-618.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
*1043 I.J. Burson, Jr., Young & Burson, Eunice, Donald Richard, Opelousas, Thomas L. Crabson, Baton Rouge, for defendants-appellants.
Tommy Dejean, Opelousas, for plaintiffsappellees.
Before GUIDRY, LABORDE, and KING, JJ.
LABORDE, Judge.
In this consolidated appeal, the trial judge found that defendant Bayou Plaquemine Brule Drainage Board (Drainage Board) and defendant State of Louisiana, through the Department of Transportation and Development (Office of Public Works) failed to prove that they had statutory jurisdiction to enter onto plaintiffs' land for restoration and/or excavation of two connecting canals or ditches designated by the parties as the Whipp Canal and the Boone Canal. The trial judge also held defendants liable for damages caused by their work. Defendants appeal. We affirm in part, reverse in part, and render.

FACTS
The contest between the parties arose from a series of events beginning when the Office of Public Works provided funding for drainage improvements in the Bayou Plaquemine Brule Gravity Drainage District No. 12 of St. Landry Parish. The funding was provided through two separate projects. Work on the Whipp and Boone Canals was included in the second year project.
On April 8, 1976, the Drainage Board adopted the following resolution. It stated in part:
"THEREFORE, BE IT RESOLVED that the Board of Commissioners of the Bayou Plaquemine Gravity Drainage District No. 12 of St. Landry Parish, Louisiana, hereby certifies to the United States Department of Agriculture, Soil Conservation Service, that the lands and channels shown on the Department of Public Works map drawn March 1976 and approved by Daniel V. Cresap, Chief Engineer, Department of Public Works, State of Louisiana, on March 24, 1976, are located within the boundaries and area of jurisdiction of this drainage district and such are fully covered by the Louisiana Revised Statute Title 38, Section 113, of 1950 pursuant to Opinion 74-221 dated April 23, 1974 of the Attorney General of the State of Louisiana.
BE IT FURTHER RESOLVED that this Statute will be invoked for lands located in the Bayou Plaquemine Brule Watershed Project as needed for project measures."
By this resolution, the Drainage Board claims to have invoked its jurisdiction over the Whipp and Boone Canals pursuant to LSA-R.S. 38:113 by selecting these canals, along with all the other drainage channels recommended and approved by the Office of Public Works, for reworking and/or excavation.
The two canals in question were identified by the Office of Public Works on the map mentioned in the above resolution and in a lengthy contract authorizing the restoration and excavation work in the drainage district. The contract contains a long list entitled "Channel Designation" wherein the Office of Public Works identifies the specific channels to be covered by the drainage project. The Whipp and Boone Canals are part of the drainage channel designated as "L-30 (L-1-II)."[1]
*1044 Plaintiffs own lots contiguous to each other in a rural area west of Opelousas, Louisiana. Appendix "B" attached to this opinion shows the relationship of plaintiffs' properties to each other and to the drainage channel in question as they appear after completion of the watershed project.
In early July, 1980, defendants, through their contractor, entered the properties of the Whipps, the Boones, and the Doucets to allegedly exercise a legal servitude to restore and excavate the drainage channel running through plaintiffs' properties. The work done by defendants' contractor included: clearing snags and trees from the Whipp Canal in order to facilitate drainage, leveling off any existing spoil and all new spoil deposited along the east bank of the Whipp Canal, widening the connecting channel (a small ditch before the excavation) between the Whipp and Boone Canals in order to accommodate water flow, widening the Boone Canal from about 4 to 6 feet to about 12 to 14 feet, and leveling off the spoil removed from the Boone Canal during excavation. The spoil from the Whipp Canal was placed and leveled along its east side and the spoil from the Boone Canal was placed and leveled along its south side.
The activities of the contractor caused some damage. The contractor cut down trees, removed and redistributed earth, removed fencing between the Whipp property and Boone-Doucet properties, destroyed all easily identifiable markings of the boundary line between the Whipp property and the Boone-Doucet properties, and, during the leveling of spoil deposits, destroyed a small part of a soybean crop.
The trial judge found that defendants failed to prove the existence of a legal servitude pursuant to LSA-R.S. 38:113 and awarded plaintiffs damages and attorney fees. Defendants appeal and contend the following errors:
1. The trial court erred in finding that the Drainage Board and the Office of Public Works trespassed on plaintiffs' land when the Drainage Board enjoyed a statutory servitude over the Whipp and Boone drainage canals under LSA-R.S. 38:113.
2. The trial court erred in awarding excessive damages.
3. The trial court erred in awarding attorney's fees under LSA-R.S. 51:111.

LEGAL SERVITUDE
A determination of this matter rests on interpretation of several statutes found in Title 38 of the Louisiana Revised Statutes. One important statute reads as follows:
"The various levee and drainage districts shall have control over all public drainage channels within the limits of their districts and for a space of one hundred feet on each side of the channel, selected by the district and recommended and approved by the Department of Public Works, whether the drainage channels have been improved by the levee or drainage district, or have been adopted without improvement as necessary parts of or extensions to improved drainage channels, and may adopt rules and regulations for preserving the efficiency of the drainage channels."
LSA-R.S. 38:113. The above statute grants to the Drainage Board a legal servitude over drainage channels within its district. Certain prerequisites are essential before the Drainage Board can take advantage of the servitude. See Terrebonne Parish Police Jury v. Matherne, 394 So.2d 1302, 1304 (La.App. 1st Cir.1981), modified, 405 So.2d 314 (La.1981), cert. denied, 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982). First, the drainage channel must have been either previously improved by the drainage district or adopted without prior improvement as a necessary part of or extension to improved drainage channels. Second, the drainage channel must be a public channel. Third, the channel must be selected by the drainage district *1045 and recommended and approved by the Office of Public Works.
The L-30 drainage channel was first excavated in 1952. Defendants contend that at that time, the channel included both the Whipp Canal and the Boone Canal. The record shows that the Whipp Canal was excavated by defendants at that time. Any opposite factual conclusion would constitute manifest error. But, plaintiffs contend that the Boone Canal was a small artificial drainage ditch which was dug by their ancestors in title a short time after the 1952 project. Defendants failed to prove otherwise.
There was evidence presented at trial that in 1952 the Drainage Board excavated an estimated 7,100 cu. ft. of earth from drainage channel L-30. However, there was no evidence proving either that any portion of that earth came from the Boone Canal or that, in 1952, the L-30 drainage channel extended beyond the Whipp Canal to include the Boone Canal. The earliest dated evidence showing that the L-30 drainage channel encompassed both the Whipp Canal and the Boone Canal was the map prepared by the Office of Public Works in March, 1976. This map was prepared to show the channels approved for improvement under the recent watershed project (see Appendix "A"). Although the Boone Canal was selected and approved for excavation during the most recent drainage project, this evidence does not prove that it was selected and approved for excavation during the drainage project of 1952.
We conclude first, that in 1952 defendants excavated the Whipp Canal as part of drainage channel L-30 and, second, that defendants, during the recent drainage project, intended to adopt the previously unimproved Boone Canal as a necessary part of or extension to the L-30 drainage channel. In regard to the Whipp Canal, defendants proved the first prerequisite to establishing their rights to the legal servitude granted under LSA-R.S. 38:113 but, with respect to the Boone Canal, we must inquire further.
A determination by the Drainage Board and the Office of Public Works of the necessity of any extension to a drainage channel is given great deference. See Evangeline Parish Police Jury v. Deville, 247 So.2d 258, 260 (La.App. 3rd Cir.1971) and Board of Com'rs of Tensas Basin Levee Dist. v. Franklin, 219 La. 859, 54 So.2d 125, 127-28 (1951), dismissed, 342 U.S. 844, 72 S.Ct. 80, 96 L.Ed. 638 (1951). The evidence presented by defendants shows that the Drainage Board and the Office of Public Works considered the extension of drainage channel L-30 to be a necessary part to the over-all drainage plan for the area. No court can substitute its judgment as to the necessity of such a project for the combined judgment of the Drainage Board and the Office of Public Works unless there is evidence of some palpable abuse of discretion. Id. No abuse of discretion is evidenced in the record. Therefore, if defendants properly adopted the Boone Canal as a necessary part of or extension to drainage channel L-30 the first prerequisite for a Section 113 legal servitude would be met.
The statutory authority for adopting new drains and ditches as extensions to a drainage channel is found in LSA-R.S. 38:1767. The statute reads as follows:
"The board of drainage commissioners may open all natural drains which they deem necessary in their respective districts and perform all work connected therewith, which they may deem necessary to make the opening of the natural drains effective. They may cut and open new drains, ditches, and canals wherever deemed necessary. In order to carry out the drainage works, the drainage commissioners may enter into contracts for the performance of these works, or purchase machinery and have the work performed under their supervision, and perform all other acts necessary to fully drain all the land in their districts and maintain the drainage when established."
LSA-R.S. 38:1767 (emphasis added). According to this statute, it is not necessary that the cutting or opening of new canals *1046 be along natural drains and, subject to the limit of palpable abuse, defendants have authority to open any canal wherever they deem necessary. As stated earlier, the opening of the Boone Canal as an extension of drainage channel L-30 was considered to be a necessary part of the overall drainage plan for the area.
Defendants contend that their authority to open a new canal pursuant to LSA-R.S. 38:1767, when read in conjunction with LSA-R.S. 38:113, conveys a legal servitude to preserve and maintain the canal. Defendants are partly correct. Once the canal, in this case the Boone Canal, has been adopted by the drainage district as a part of or an extension to an improved drainage channel, there exists a legal servitude to preserve and maintain the canal. However, it is imperative that the canal first be adopted. LSA-R.S. 38:113.
To adopt a canal as a part of or an extension to an improved drainage channel the drainage district must obtain a right of way either by expropriation or by purchase. Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314, 317 (La.1981), cert. denied, 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982) (the legislature does not have the constitutional power to authorize either the taking or the damaging of private property without due process of law); see also Grimble v. Rapides Parish Police Jury, 322 So.2d 835, 837 (La.App. 3rd Cir.1975) (Police Jury excavated a new canal while under an inaccurate but good faith belief that it had a valid right of way. The trial court held the Police Jury liable for damages); LSA-R.S. 38:1764 (statutory authority granting Drainage Board power to either obtain or purchase a right of way). Defendants admitted that they had no right of way for the Boone Canal. Therefore, with respect to the Boone Canal, defendants failed to prove the first prerequisite necessary for a Section 113 legal servitude.
On the other hand and as shown above, the Whipp Canal does meet the first prerequisite. Therefore, we shall determine whether the Whipp Canal also meets the second and third prerequisites.
The second prerequisite, whether the water channel in question is a public drainage channel, requires a finding that the channel has been used for the purpose of drainage for many years and that this drainage protects the interests of the public in general rather than the interests of particular individuals. Dugas v. St. Martin Parish Police Jury, 351 So.2d 271, 273-74 (La.App. 3rd Cir.1977), writ denied, 353 So.2d 1046 (La.1978).
The record shows that the Whipp Canal is a public drainage channel. Since 1952, the Whipp Canal has been used for the purpose of drainage. As declared in Dugas, supra, it is immaterial whether the canal was initially a natural drain or an artificial drain as long as it has been used for drainage for many years. Id. The Whipp Canal has been the connecting water channel to Bayou Plaquemine Brule for many smaller drainage ditches. For years, this canal has received drainage from the ditches running along side of St. Landry Parish Road No. 6-20-2, from other ditches draining into the parish road ditches, and from the Boone Canal. The Whipp Canal is a drainage channel that has been used for many years to protect the public in general. Therefore, as to the Whipp Canal, the second prerequisite has been proved.
The third prerequisite is that the water channel be selected by the Drainage Board and recommended and approved by the Office of Public Works. The resolution of the Drainage Board, the construction contract, and the construction plan maps were introduced into evidence. They reflect that the Whipp Canal was selected by the Drainage Board and was recommended and approved by the Office of Public Works. Therefore, defendants adequately proved the third prerequisite.
The trial judge found that defendants did not have a servitude over either the Whipp Canal or the Boone Canal. We agree with the trial judge's legal conclusion as to the Boone Canal, but we find that a Section 113 *1047 legal servitude does exist as to the Whipp Canal.
In review, defendants have a legal servitude pursuant to LSA-R.S. 38:113 over the drainage channel designated as "L-30." However, although defendants proved that the Whipp Canal was a part of drainage channel L-30 since the watershed project of 1952, they failed to prove that the Boone Canal was excavated during that time. The Boone Canal was then selected during the recent drainage project as a necessary part of the over-all drainage plan. The Section 113 legal servitude would extend to the Boone Canal if it was adopted as a necessary part of or extension to the improved drainage channel L-30. However, defendants failed to adopt the Boone Canal because they failed to obtain or purchase a right of way from the landowners. The result is that defendants did not acquire a Section 113 legal servitude over the Boone Canal and, as to their presence along that canal, they damaged private property without just compensation and without due process of law.

DAMAGES
Our partial reversal of the trial judge's conclusions shall not effect the outcome of the case with respect to damages. Despite the existence of a legal servitude under LSA-R.S. 38:113, defendants are not authorized to damage private property without just compensation. See Matherne, 405 So.2d at 317.
Upon our review of the record, we find substantial evidence from which the trial judge could find that the plaintiffs' properties were damaged and that the extent of their damages are adequately compensated by the awards of $6,235.00 to Mr. and Mrs. Raymond Doucet, $6,235.00 to Mrs. Beulah Boone, and $6,731.50 to Mr. Austin Whipp.[2] We shall not disturb these findings of the trial judge. Reck v. Stevens, 373 So.2d 498, 501 (La.1979).

ATTORNEY FEES
Defendants contend that attorney fees were not properly awarded in this case because the trial judge based the award on LSA-R.S. 51:111.
Research does not reveal a Section 111 under Title 51. Obviously, the trial judge erred but his error was typographical. He incorrectly wrote the statute relied on as LSA-R.S. 51:111. The proper statute governing the awarding of attorney fees is LSA-R.S. 13:5111.
Pursuant to Section 5111 of Title 13, the trial judge properly awarded reasonable attorney fees to the Doucets and the Boones in connection with the work performed on the Boone Canal. See Daspit v. State, Department of Highways, 325 So.2d 368, 370 (La.App. 3rd Cir.1975); Powell v. Department of Highways, 383 So.2d 425, 431 (La.App. 4th Cir.), writ denied, 389 So.2d 1129 (La.1980). We must reverse the trial court's award of attorney fees to the Whipps. Attorney fees are not to be granted under LSA-R.S. 13:5111 unless the plaintiff is compensated for the taking of property by the defendant. As discussed earlier, we find that defendants had obtained a legal servitude over the Whipp Canal. Defendants are liable for damaging the property in connection with the work performed on the Whipp Canal, not for the taking of the Whipps' property. The damage to the property did not amount to a taking of property or an appropriation by the state. Therefore, the trial judge erred in awarding attorney fees to the Whipps.

DECREE
For the foregoing reasons we find that the trial judge erred in concluding that defendants did not have a Section 113 legal servitude over the Whipp Canal. We reverse that part of the judgment of the trial judge and affirm the part of the judgment finding that the Section 113 legal servitude did not exist over the Boone Canal. We further affirm the judgment of the trial *1048 court finding defendants liable for damages. We further affirm the award for attorney fees granted to the Doucets and the Boones, but reverse the trial court's award for attorney fees granted to the Whipps. Costs of this appeal are assessed against defendants-appellants.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
*1049 
*1050 
NOTES
[1] The Whipp and Boone Canals were independently identified only for the purposes of this litigation. Defendants, for purposes of the watershed project, considered and designated the two canals as part of one drainage channel. See the map showing channels approved for improvement under the watershed project attached as Appendix "A" to this opinion.
[2] In the trial court's reasons for judgment, Austin Whipp was not given damages for suffering a trespass. His amount of recovery is not affected by the partial reversal.