569 So.2d 1083 (1990)
Honore GASPARD, Plaintiff-Appellant,
v.
ST. MARTIN PARISH SEWERAGE DISTRICT # 1, et al., Defendants-Appellees.
Nos. 89-566, 89-567.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1990.
Albert F. Richard, Plaquemine, for plaintiff-appellant.
Guidry & Guidry, Daniel G. Guidry, St. Martinville, for defendants-appellees.
Before DOMENGEAUX, C.J., and STOKER and YELVERTON, JJ.
YELVERTON, Judge.
In these two consolidated cases, property owners filed suit against a sewerage district and the police jury of St. Martin Parish for damages for trespass, when the sewerage district laid a sewer line across the front of their respective lots. At the trial, after the plaintiffs had completed the presentation of their case in chief, on a motion by the defendants the trial judge dismissed the actions on the ground that upon the facts and law, the plaintiffs had *1084 shown no right to relief. In his oral reasons for granting the judgment of dismissal, the trial judge said that there was a "very strong question of fact whether the highway department or whoever the contractor was or the sewerage board trespassed on their property. All we have is their statements that they did. No surveys, no maps, no nothing, no evidence about damages other than their own expressions." The trial judge then found that the plaintiffs had failed to prove that the actual trespass took place.
The plaintiffs appealed. We reverse and remand for further proceedings. The following reasons for judgment apply to both cases. We are rendering a separate judgment this date in Gros v. St. Martin Sewerage District No. 1, et al., 569 So.2d 1085 (La.App. 3d Cir.1990).

TRESPASS
A trespass occurs when there is an unlawful physical invasion of property or possession of another. M & A Farms, Ltd. v. Town of Ville Platte, 422 So.2d 708 (La.App. 3d Cir.1982). Even though the work may have been done by a contractor and not by use of the district's own equipment and manpower, the district supervised and directed the work and ordered the trespass, and is therefore liable. Id. Moreover, the sewerage line is still there, and constitutes a continuous trespass. Terral v. Poole, 484 So.2d 227 (La.App. 3d Cir.1986).
The evidence at the trial clearly showed that a sewerage line was laid in the roadside ditch along the front of both plaintiffs' lots, each of which was 98.6 feet wide. Irvin Bailey, president of the St. Martin Parish Sewerage District No. 1, so testified. He said he knew the plaintiffs and where their property was. He testified that the authority of the district to use the roadside ditch was a permit from the Louisiana Highway Department. The permit is in the record, as is the Highway Department's right of way grant covering each piece of property. The plaintiffs, Gaspard and Gros, testified they never gave their consent. Mr. Bailey testified it never occurred to the board to ask for their consent; he said the board did not need their consent, because it had the permission of the Department of Highways.
An examination of the rights of way of the Department of Highways shows that these were only rights of way, and not grants of full ownership of the property. It was proved that the roadside ditch where the sewerage line was laid was within the state's right of way on the plaintiffs' side of the road. Since the right of way was on plaintiffs' property, the sewerage line was put on plaintiffs' property. Since the sewerage board did not have the legal right to go on the plaintiffs' property without their consent, and did not have that consent, the sewerage district committed a trespass.
The permit from the highway department gave the sewerage district only the right to use and occupy the department's right of way, not the right to use and occupy the plaintiff's property rights. Koch v. Louisiana Power and Light Co., 298 So.2d 124 (La.App. 1st Cir.1974), writ denied, 302 So.2d 17 (La.1974); Louisiana Power & Light Company v. Dileo, 79 So.2d 150 (La.App. 1st Cir.1955).
Finally, on the subject of the identification of their property and the proof of trespass, in a suit for civil trespass the only requirement is that the property in question be sufficiently described to be identifiable. Indian Bayou Hunting Club, Inc. v. Taylor, 261 So.2d 669 (La.App. 3d Cir. 1972). In the present case everybody, including the president of the sewerage board, knew that the sewerage line was laid in the highway right of way on the plaintiffs' side of the highway, and so testified. This was sufficient proof of property identification.

DAMAGES
As to the proof of actual damages, we agree with the trial court that proof was deficient, but we cannot agree to the extent that it was nonexistent. Gaspard testified that 30 yards of dirt were removed from his land, about 15 feet of his 30 foot culvert was cracked, and the gate to his chain link fence and 25 feet of the fence *1085 itself were damaged. He called no other witnesses on the subject of his actual damages.
Similarly, Gros testified that his driveway was moved over about five feet, some trees were damaged and one destroyed, and an unsightly cleanout valve on the line was left projecting a foot above ground on his property. Gros did not produce any other witnesses concerning actual damages.
Both plaintiffs had photographs, which are in the record, to substantiate their actual damages.
On the state of this record as presently made up, the plaintiffs have established that they are entitled to some amount in actual damages. That amount will have to be determined by the trial court after remand and after the trial is completed. In the assessment of damages following trial, the trial court will be guided by the principle that, where there is a legal right to recovery but the damages cannot be exactly estimated, the courts have reasonable discretion to assess same based upon all the facts and circumstances of the case. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (La.1971); South Cent. Bell Telephone Co. v. Gaines Petroleum Co., Inc., 499 So.2d 521 (La. App. 2d Cir.1986).
In addition to having proved some measure of actual damages, each plaintiff has proved a right to recover damages for mental anguish. This is an appropriate element of damages recoverable for a trespass. M & A Farms, Ltd. v. Town of Ville Platte, supra. Both plaintiffs put on evidence sufficient to support an award for mental anguish. For example, it appears that Gaspard went so far as to spend fifteen days in jail as a defiant gesture of his exasperation resulting from the unauthorized taking. Gros likewise had an encounter with the law. While these difficulties by themselves constitute no measure of damage for trespass, they are circumstantial evidence that the plaintiffs indeed suffered mental anguish. Unless further evidence in the case when it is resumed and completed at the trial court level somehow changes this prima facie showing, plaintiffs have a right to damages for mental anguish, in an amount to be determined by the trial court at the conclusion of the trial.
For these reasons the judgment dismissing the suits is reversed and set aside, and the cases are remanded to the trial court for further proceedings not inconsistent with this opinion. The sewerage district will pay the costs of this appeal.
REVERSED AND REMANDED.