Dear Mr. Thibodeaux:
You have requested an opinion from this office as to the need to obtain right of way permits from the land owners along the Department of Transportation and Development rights of way for your client, Water Works District No: 4 in St. Martin Parish. You specifically inquire as to the need to obtain additional permits for the laying of water lines within the right of way.
LSA R.S. 48:391 authorizes the DOTD to grant of a servitude for pipes and water lines along state right of ways, however, the case law indicates that they are only empowered to give servitudes on what is clearly granted in their own right of way agreement.
The answer to your questions depends on the language of the particular right of way agreement. Depending on the actual grant of a right of way, you may need an additional servitude agreement from the landowners. If the language of the right of way grant merely gives the DOTD the right to build, construct and maintain a highway "and for other such purposes as may be allowed by law", it is not sufficient. In Louisiana Power Light vs. Dileo, 79 So.2d 150 (La.App. 1st Cir. 1955) the court specifically stated that the DOTD is the owner of the highway servitude and has no authority to grant permission to another for its use for another purpose.
Also, in Koch vs. Louisiana Power Light, 298 So.2d 124 (La.App. 1stCir. 1974), writs denied 302 So.2d 17 (La. 1974) the court stated:
 "The right of imposing a servitude belongs to the owner of the property alone. LSA C.C. Arts 729 721. And the property owner who has established a servitude on the property nevertheless retains the exclusive right to grant other servitudes on the identical property, provided that the use of such servitude does not interfere with the older servitude (LSA C.C. ART 749). This court also finds that the clause in the right of way agreement to the effect that the servitude is given for "such other purposes as may be authorized by the laws of the State of Louisiana" does not give to the Department of Highways the right to create a servitude in favor of or allow the use of the right of way without obtaining its own servitude from the landowner"
Your opinion request letter indicates your reliance on Gaspard vs. St.Martin Parish Sewerage District No 1, 569 So.2d 1083 (La.App. 3rd Cir.1990) for the proposition that you need to obtain additional permits. You are correct in that the case clearly indicates that unless the specificright of way agreement is for full grant of ownership or specificallylists the grant of a servitude for water lines, then separate agreementsmust be obtained from the owner of the property.
As to any roads within your construction area which were created by legislative act, or by virtue of any order of a parish governing authority under LSA R.S. 48:491, you may rely on LSA R.S. 9:1253 which gives any parish or municipality the right to construct and maintain public utilities, including, but not limited to, water lines. No additional permits would be needed for these areas.
In summation, unless the right of way grant to the DOTD is specific with regards to the construction or maintenance of water lines, you must seek additional right of way grants from the landowners. However, with regard to roadways created by legislative act or under R.S. 48:491, you may proceed without additional agreements.
We hope this has satisfactorily answered your concerns.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ Burton P. Guidry Assistant Attorney General
RPI/BPG/crt
Date Requested: March 22, 2002
Date Released: April 5, 2002