| | | |
|---|---|---|
| **DARLEEN JACOBS LEVY,** | * | **NO. 2020-C-0459** |
| **DARLEEN M. JACOBS, A** | | |
| **PROFESSIONAL LAW** | * | |
| **CORPORATION, HOME** | | **COURT OF APPEAL** |
| **FINDERS INTERNATIONAL,** | * | |
| **INC. AND FIRST CHOICE** | | **FOURTH CIRCUIT** |
| **RESTORATION, LLC** | * | |
| | | **STATE OF LOUISIANA** |
| **VERSUS** | * * * * * * * | |
| | | |
| **HARD ROCK** | | |
| **CONSTRUCTION OF** | | |
| **LOUISIANA, LLC** | | |


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-12374, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge
Paula A. Brown)


**DYSART, J., CONCURS WITH REASONS**

Aldric C. Poirier, Jr.
Brett W. Tweedel
Pamela N. Molnar
BLUE WILLIAMS, L.L.P.
3421 N. Causeway Blvd., Suite 900
Metairie, Louisiana, 70002

      COUNSEL FOR RELATOR/DEFENDANT

Darlene M. Jacobs
THE LAW OFFICES OF DARLENE M. JACOBS
823 St. Louis Street
New Orleans, Louisiana 70112

      COUNSEL FOR RESPONDENTS/PLAINTIFFS


                 **WRIT GRANTED; RELIEF DENIED**


**DECEMBER 9, 2020**

*SCJ*
*PAB*

Relator, Hard Rock Construction of Louisiana, seeks review of the trial court's September 10, 2020 judgment denying its Motion for Partial Summary Judgment and its Exception of No Right of Action. Relator argues that the trial court erred in denying its motion for partial summary judgment because the business entity plaintiffs cannot recover mental anguish damages. In addition, Relator argues that that the trial court erred in denying its exception of no right of action as to plaintiff, First Choice Restoration, LLC, because First Choice did not pay for or own any of the severed phone lines for which plaintiffs seek damages. Upon review of Relator's writ, the relevant facts and pleadings, and the applicable jurisprudence, we find no error in the trial court's judgment on either the motion for partial summary judgment or the exception of no right of action. However, in order to address a jurisprudential distinction between mental anguish damages and inconvenience damages that we find relevant to this case, we grant Relator's writ but deny relief.

1

## FACTS AND PROCEDURAL BACKGROUND

Relator, Hard Rock Constr., was contracted by the City of New Orleans to perform reconstruction work on Bourbon Street. During the performance of the contract, on or about December 18, 2017, Relator allegedly severed a main telephone cable that provided telephone and fax services to plaintiffs/respondents—Darleen Jacobs Levy, Darleen M. Jacobs, APLC, Home Finders International, Inc., and First Choice Restoration, LLC. On that day, Ms. Levy, arrived at her law office located at 823 St. Louis Street and discovered that five telephone lines were not working. Ms. Levy then arrived at the offices of Home Finders and First Choice—two business entities of which Ms. Levy is a shareholder—located at 828 St. Louis Street, and discovered that six telephone lines were not working. Ms. Levy also discovered that the phone line at her private residence at 832 St. Louis Street was not working.

On December 27, 2020, plaintiffs filed this suit against Relator seeking damages resulting from the alleged severing of the telephone cable that provided telephone and fax services to Darleen Jacobs Levy's home, to her law office, and to the offices of two other business entities of which Ms. Levy is a shareholder. In the original petition for damages, the plaintiffs alleged that they sustained the following damages:

Darlene Jacobs Levy:
   Inability of clients, friends, and acquaintances to contact her.

Darlene M. Jacobs, A Professional Law Corporation:
   a. Inability of clients, attorneys, and court personnel to contact them; and
   b. Inability to send or receive faxes.

Home Finders International, Inc.:
  a. Inability of potential tenants to contact them concerning available rental property;
  b. Inability of tenants to contact them concerning rental property; and
  c. Inability to send or receive faxes.

First Choice Restoration, L.L.C.:
  a. Inability of tenants to contact them concerning the maintenance of rental property; and
  b. Inability to send or receive faxes.

Plaintiff, Ms. Levy, then classified her individual damages as "severe inconvenience" and "emotional stress and strain." The three business entity plaintiffs classified their damages as "severe inconvenience."

In January 2020, Relator filed a motion for partial summary judgment seeking to dismiss the claims of the three business entity plaintiffs, arguing that these plaintiffs sought to recover "mental anguish damages", which corporate entities are not entitled to recover. Relator also filed a peremptory exception of no right of action to dismiss the claims of First Choice, arguing that First Choice was not entitled to recover for damage to phone lines that First Choice neither payed for or owned.

On August 17, 2020, the trial court held a hearing on both the motion for partial summary judgment and the exception of no right of action. At the close of the hearing, the trial court denied Relator's motion and exception, and signed a written judgment on September 10, 2020.

Relator timely filed the instant writ seeking review of the trial court's September 10, 2020 judgment denying its motion for partial summary judgment and its exception of no right of action.

3

**LAW AND DISCUSSION**

**Motion for Partial Summary Judgment**

Our appellate review of the trial court's ruling on a motion for summary judgment is *de novo*, applying the same criteria as the trial court in determining whether summary judgment is appropriate. *Smith v. State*, 18-0197, p. 3 (La. App. 4 Cir. 1/9/19), 262 So.3d 977. "We therefore look at the record before us and make an independent determination regarding whether there are genuine issues of material fact that would preclude granting summary judgment." *Id*, quoting *Orleans Parish Sch. Bd. v. Lexington Ins. Co.*, 12-0095, p. 5 (La. App. 4 Cir. 8/28/13), 123 So.3d 787, 790.

In order to prevail on a motion for summary judgment, the burden of proof rests with the moving party. La. C.C.P. art. 966(D)(1). "[I]f the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, … but rather to point out to the court the absence of factual support for one or more elements essential" to that claim. La. C.C.P. art. 966(D)(1). If the moving party bears that burden, then the adverse party must produce factual support sufficient to establish the existence of a genuine issue of material fact **or** that the mover is not entitled to judgment as a matter of law. *Id*. (emphasis added). A motion for summary judgment shall only be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

4

In this writ, Relator argues that it is entitled to summary judgment as a matter of law, because the three business entity plaintiffs seek "mental anguish damages" which, under Louisiana jurisprudence, corporate entities are not entitled to recover. In support of its argument, Relator cites *Hardy v. Poydras Properties*, 97-2547 (La. App. 4 Cir. 1/13/99), 737 So.2d 793, and *Bayou Fleet Partnership v. Clulee*, 13-934 (La. App. 5 Cir. 9/10/14), 150 So.3d 329.

In *Hardy*, multiple individual and business plaintiffs filed suit for damages following a fire that destroyed the building, in which plaintiffs were tenants/lessees. One business entity plaintiff, Cane River Creole Meat Pies, Inc., sought damages for, *inter alia*, mental anguish, sustained from watching the destruction of its restaurant. The trial court denied the plaintiff's claim for mental anguish damages, and the corporate plaintiff appealed. This Court recognized that "Louisiana law allows recovery for mental anguish resulting from property damage when the owner is present or nearby and suffers psychic trauma as a result." *Hardy*, 97-2547, p. 11, 737 So.2d at 800. Reviewing the corporate plaintiff's claim, this Court noted that the owners of the restaurant and shareholders of the corporate entity undoubtedly suffered a traumatic experience watching the destructive fire, but found that the restaurant was owned by the corporate entity and the lease was executed in the corporate name. This Court then upheld the trial court's judgment on that claim, finding that "Louisiana law provides that a shareholder of a corporation may not recover for mental anguish and physical suffering from wrongful acts to a corporation." *Hardy*, 97-2547, p. 15, 737 So.2d at 802, citing *Bolanos v. Madary*, 609 So.2d 972 (La. App. 4 Cir. 1992).

In *Bayou Fleet*, the Fifth Circuit explicitly held that "a corporate entity cannot suffer mental anguish" and the Court overturned a trial court award for

5

mental anguish damages to a corporate entity plaintiff, for mental anguish suffered as a result of a trespass on land owned by the corporation. 13-934, pp. 10-11, 150 So.3d at 336; *see also M&A Farms, Ltd. v. Town of Ville Platte*, 422 So.2d 708 (La. App. 3 Cir. 1982) (finding the trial court erred in awarding a mental anguish award to a corporate plaintiff, which "cannot experience mental anguish.").

While we recognize and agree that the Louisiana jurisprudence cited by Relator holds that corporate/business entities are not entitled to recover damages for mental anguish, we find a distinction in the jurisprudence between damages awarded for mental anguish and damages awarded for loss of use and inconvenience. In Louisiana, an award for mental anguish resulting from property damage requires a finding of "real mental injury" or "psychic trauma in the nature of or similar to a physical injury." *Jensen v. Matute*, 19-0706, p. 12 (La. App. 4 Cir. 1/29/20), 289 So.3d 1136, 1145. However, Louisiana jurisprudence also recognizes a damage award for inconvenience that is not based on mental injury or trauma associated with property damage, but due to the loss of use of property.

In a series of cases arising from a train derailment, the Third Circuit held that homeowners were entitled to damages for inconvenience, absent accompanying physical injury or property damage, associated with the evacuation of their homes and the temporary loss of use of property. *See Adams v. Union Pacific Railroad Company*, 18-903, pp. 17-22 (La. App. 3 Cir. 5/29/19), 273 So.3d 419, 431-34. In upholding the trial court's distinct, separate damage awards for mental anguish and for inconvenience, the Third Circuit discussed jurisprudence from the First, Second, and Fourth Circuits in which the courts upheld damages for inconvenience associated with loss of use of property or evacuation. *See McDonald v. Illinois Central Gulf Railroad Co.*, 546 So.2d 1287 (La. App. 1st Cir.

6

1989) (holding that plaintiff was entitled to an award for inconvenience experienced by the evacuation of her home for two weeks, being compelled to stay elsewhere, and spending several weeks cleaning up the damage from explosions and fire that damaged her property); *England v. Fifth Louisiana Levee District*, 49,795 (La. App. 2 Cir. 6/13/15), 167 So.3d 1105 (upholding damages for inconvenience in the amount of $50 per day for ten days, "based on Plaintiffs' expenses for inconvenience and loss of use of the drinking water supply"); *In re New Orleans Train Car Leakage Fire Litigation*, 00-1919 (La. App. 4 Cir. 4/20/05), 903 So.2d 9 (upholding damages that included distinct awards to plaintiffs for the inconvenience of evacuation from their homes for several days due to a chemical fire in their residential area).

Moreover, this Court holds that corporate, business entities are entitled to compensation for loss of use of property, as distinguished from awards for mental anguish due to property damage. *See FIE, LLC v. New Jax Condo Association, Inc.*, 16-0843, pp.12-13 (La. App. 4 Cir. 2/21/18), 241 So.3d 372, 386.

In this case, the business entity plaintiffs seek damages for "severe inconvenience" stemming from the loss of use of the phone lines. Nowhere in the petition for damages do the business entity plaintiffs seek to recover for "mental anguish." The business entity plaintiffs do not allege mental injury or psychic trauma from the severed phone lines, but they do allege the inability to contact clients due to the loss of use of their phone lines. Consequently, we find that the damages the business entity plaintiffs seek for "severe inconvenience" are distinguishable from damages sought for "mental anguish." Moreover, we find that relevant Louisiana jurisprudence allows for business entity plaintiffs to seek

7

damages for the "severe inconvenience" that results from the loss of use of property.

Thus, we find no merit in Relator's argument that it is entitled to judgment as a matter of law because business entity plaintiffs cannot recover damages for "mental anguish." Accordingly, we find no error in the trial court's judgment denying Relator's motion for partial summary judgment.

**Exception of No Right of Action**

Relator also seeks review of the trial court's denial of its exception of no right of action, arguing that First Choice cannot recover damages for the severed phone lines that it neither payed for nor owned. As to the trial court's ruling on the exception, we deny Relator's writ.

## CONCLUSION

For the foregoing reasons, we grant Relator's writ but deny the relief sought.

**WRIT GRANTED; RELIEF DENIED**