No. 11,649

Orleans

RENEAU v. BROWN ET AL.

(December 10, 1928. Opinion and Decree.)

L. L. Dubourg, of New Orleans, attorney for plaintiff and appellant.

John Singreen, of New Orleans, attorney for defendants and appellees.

JANVIER, Judge ad hoc. Plaintiff, with his wife, rented from the two defendants and others the premises, 1112 Elysian Fields Avenue. Next door lived the defendants. One of the defendants, Mrs. Marie Brown, was a widow. The other defendant, Mrs. Dominick Matranga, lived with her husband. Both properties were owned by the two defendants jointly with two other parties; the four having inherited them from their mother. In the premises next door to plaintiff and occupied by the defendants were kept five dogs. On the day of the happening of the event which gave rise to this suit, plaintiff and his wife were carrying a tub along a very narrow alley which was bordered by a board fence in a dilapidated condition. For some reason or other, the dogs next door became excited and one or more of them jumped against the board fence, which was in such bad condition that one of the boards fell, leaving an opening through which at least one of the dogs got into the yard of the premises occupied by plaintiff and his wife.

The injury sustained by the plaintiff was very slight, but there is little doubt that it was actually caused by the teeth of a dog.

The contentions of the defendants are many. They aver that the injury was not caused by the teeth of a dog, but by the plaintiff striking his leg against a nail or sharp edge in the fence. Also, they say that the dogs were not vicious, as they had never bitten any one before or shown evidence of bad character and that, as dogs are domestic animals that the defendants are not liable in the absence of proof of previous vicious tendencies.

They also contend that they did not own the dogs and there is considerable dispute as to just who did own them.

They make the further contention that they cannot be held liable because they were the joint owners of the premises with others and that the others were not made defendants.

Of course, if plaintiff's injuries were not sustained as a result of a dog bite, he cannot maintain this action against defendant. Therefore, this is the first bridge which must be crossed. The only eye witnesses were plaintiff and his wife. They both testify that at least one dog did actually get into the alley and bite plaintiff. There is no evidence to the contrary and in view of the positive testimony of both of these witnesses, and the corroborating circumstances that the injury was on the back

of his leg, we are of the opinion that the injury sustained was the result of a bite by a dog.

Having determined that the injury was caused by the bite of a dog, the next question which presents itself is whether or not the previous character of the dog or dogs was such that the persons harboring, them, should be held liable under the circumstances presented here.

The fact that these dogs, or at least one or more of them, must have been considered vicious by those persons in charge of the premises, is shown, we think, by the treatment that these people accorded the dogs. They testified that they always kept the dogs in the rear of the premises, never let them go outside, and were always most careful not to let them come into contact with the public. These actions on their part indicate that they knew that the dogs were dangerous. This fact is further borne out by the testimony of one Houdibore, who had previously lived in the premises where the dogs were kept and who stated that he could never come into the yard without taking a stick or something in his hand to keep the dogs off. The credibility of Mr. Houdibore is attacked. We believe, after a careful reading of it, that it is worthy of belief, particularly as it seems to be corroborated by the actions of the defendants, which actions show that the dogs were of such a nature as to require their being kept closely confined.

If the dogs were of this nature, it was manifestly the duty of those who had them in charge to see that the premises where they were kept were enclosed with sufficiently strong fencing to prevent their escape. The happening of this accident shows conclusively that they did not properly discharge this duty. If, as a result of their failure, injury was sustained by the plaintiff, they should be required to compensate him for his losses.

It is argued that the other owners of the property should have been parties defendant, and that as they were not brought into the suit as defendants, the plea of non-joinder should have been sustained.

We see no necessity for the presence of the other property owners in the suit and this for two reasons. First, the liability here depends not on the ownership of the premises nor in fact on the ownership of the dogs, but on the harboring or keeping of the dogs. Second, if there is liability it arises from tort and, conceding for the sake of argument that the other owners of the premises are joint tort feasors, there is nothing which prevents a person injured by two or more tort feasors from singling out any one or two or more and directing the action against that one or against those selected and it is well settled that in such a suit the party or parties sued cannot require that all the other joint tort feasors be made parties. See Shield vs. F. Johnsons & Sons Company, Ltd., et al., 132 La. 773, 61 So. 787, 47 L. R. A. (N. S.) 1080. In the syllabus of that case appears this language: "If the concurrent negligence of two or more persons combined results in an injury to a third person the latter may recover from either or all."

It is argued that plaintiff did not minimize his damage in that he did not take the serum for rabies or the serum for tetanus. We are unable to follow this argument. These serums are preventatives and as neither of the diseases mentioned was contracted by the plaintiff, his failure to take the serum in no way diminished or increased the injuries sustained by him. Of course, had plaintiff refused to take these serums and had he contracted rabies

or tetanus as a result of the bite, coupled with his failure to take these 'ordinary serums the situation would have been entirely different. Under the doctrine announced by the Supreme Court of Louisiana in Donovan vs. New Orleans Railway & Light Company, 132 La. 239, 61 So. 216, 48 L. R. A. (N. S.) 109, a person who sustains an injury must submit to such reasonable treatment as competent physicians advise. That question, however, is of little importance here.

We do not believe that the defendant, Mrs. Dominick Matranga can be held liable.

Mrs. Matranga is a married woman living with her husband under the community of acquets and gains. It appears to us that the harboring of the dogs by a husband and wife is a community act and that if it is an act of the community, liability resulting therefrom is a community liability, and a claim for redress should be directed against the community by a suit against the husband.

As we have already said Mrs. Matranga is not made liable by reason of the fact that she is the joint owner of the premises.

Plaintiff's injuries seem to have been very slight. There was some suffering and surely there must have been some fright. Under all circumstances we think that $50.00 will amply compensate plaintiff for his injury and losses.

It is therefore ordered, adjudged and decreed that the judgment appealed from be reversed as to Mrs. M. Brown and that there now be judgment in favor of plaintiff and against Mrs. M. Brown in the sum of $50.00 and that the judgment in favor of Mrs. D. Matranga be affirmed.