## THOMAS v. PECORARO.

### No. 16210.

Court of Appeal of Louisiana. Orleans.
Dec. 16, 1935.

Robt. J. Ourso and E. K. Wunderlich, both of New Orleans, for appellant.

Johnston Armstrong and Daniel Wendling, both of New Orleans, for appellee.

WESTERFIELD, Judge.

Defendant appeals from a judgment against him in the sum of $100, awarded plaintiff as damages because of a dog bite, for which defendant was held responsible.

It is admitted that plaintiff was bitten by a dog in or about a grocery-store owned and operated by defendant. The case is defended upon the ground that the dog belonged to another, defendant's son-in-law, who lived next door to the grocery store which defendant conducted.

We have often considered cases involving dog bites and in Woulfe v. D'Antoni (La. App.) 158 So. 394, reviewed the jurisprudence of this court and of the Supreme Court.

■ Ownership of the dog is not essential to liability. Harboring the dog is sufficient. Reneau v. Brown, 9 La.App. 375, 158 So. 406.

■ About two months before the plaintiff was bitten, another customer of the defendant, Minta Osey, was bitten in his store by the same dog, as he admits. The vicious propensities of the dog were, there-

fore, known to the defendant, who, in spite of his denial, permitted the dog to roam around his grocery store.

There is no contention over the quantum.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.