200 So. 141

HUGUET v. LOUISIANA POWER & LIGHT CO. et al.

No. 36023.

Jan. 6, 1941.

C. A. Blanchard, of Donaldsonville, for relator.

Ogden & Woods, of New Orleans, for respondents.

O'NIELL, Chief Justice.

The plaintiff sued the Louisiana Power & Light Company and Durald Woods, asking for a judgment against them in solido, for damages for an alleged trespass. The plaintiff alleged that a crew of men, employed by the Louisiana Power & Light Company, and acting within the scope of their employment, and under the direction and instruction of Durald Woods, who was their foreman, went upon the plaintiff's land, in his absence and without his consent, and cut down a large pecan tree, for the purpose of stringing a pow-

er line at the place where the tree was. The plaintiff averred that he had given to the Works Progress Administration a right of way for the purpose of constructing a concrete sidewalk in front of his property, but that it was well understood, and was shown to him by a sketch furnished by the W. P. A., that the sidewalk would curve around the pecan tree and would not necessitate its being destroyed or injured in any way. The plaintiff averred that Durald Woods desired the destruction of the tree in order to avoid the curve in the sidewalk. We infer from this that Woods was to have something to do with the constructing of the sidewalk.

The defendants filed exceptions of no cause or right of action, and the judge overruled them. At the same time, and in the same document, the Louisiana Power & Light Company filed a plea called an exception of "non-joinder of a necessary party defendant, namely, the St. James Parish Police Jury". In this plea the Louisiana Power & Light Company averred that the Police Jury had secured in its name a right of way from the plaintiff, for the construction of a concrete sidewalk in front of his property, and had constructed the sidewalk in an arrangement with the Works Progress Administration; and that the plaintiff's claim arose from the construction of the concrete sidewalk in front of his property. The judge, after hearing argument, maintained the exception of nonjoinder and ordered the plaintiff to make the Police Jury of St. James Parish a party defend-

ant within ten days from the signing of the judgment. The case is before us on a writ of certiorari and alternative writs of prohibition and mandamus.

If the facts alleged in the exception of nonjoinder mean that the police jury alone, and not the Louisiana Power & Light Company, is responsible for the destruction of the pecan tree, the plea should be made by way of an answer in defense of the suit, and not by way of an exception of nonjoinder. If the Louisiana Power & Light Company is liable in damages for the destruction of the pecan tree, as the plaintiff alleges, and if the Police Jury of St. James Parish may be held liable also for the damages, the liability is a solidary obligation. The liability of cotrespassers for the damages caused by their trespass is a solidary obligation. Rev.Civ.Code art. 2324; Wallace v. Miller, 15 La.Ann. 449; Irwin v. Scribner, 15 La.Ann. 583. The liability for damages caused by the fault or negligence of two or more joint tort feasors is a solidary obligation; and the party who has suffered the damages is not obliged to sue all of the joint tort feasors in order to maintain an action for damages against any one or more of them. Shield v. F. Johnson & Son Co., 132 La. 773, 61 So. 787, 47 L.R.A.,N.S., 1080; Johnson v. Legeai, 147 La. 92, 84 So. 505, 507; Hillebrandt v. Home Indemnity Co., 177 La. 349, 148 So. 254; Rumpf v. Callo, 16 La.App. 12, 132 So. 763; Diebel v. Bertucci, 19 La.App. 412, 140 So. 515; Reneau v. Brown, 9 La.App. 375, 158 So. 406, 407.

The judgment complained of is annulled; the exception of non-joinder is overruled; and the plaintiff is allowed to proceed with his suit against the two parties whom he has sued. The costs of this proceeding by certiorari shall be borne by the Louisiana Power & Light Company. All other court costs are to await the final disposition of the case.