Isabella Tillman, a Negro woman 58 years old, worked every two weeks for a day or a day and a half in washing clothes for the Misses Carrie and Mabel Cook, who are made defendants in this suit in which Isabella Tillman claims $296.25, as damages resulting from an attack by three dogs alleged to be owned by the defendants.
Isabella worked in a shed in the enclosed yard of the home of the defendants at 502 Millaudon Street in New Orleans. The employment had lasted from three to three and a half years when the defendants' dogs made the attack which is the basis of this suit.
The answer admits the ownership of three dogs, two Boston Terriers and one Fox Terrier, but on the witness stand the defendants testified that Miss Mabel Cook was the owner of the dogs and that Miss Carrie Cook shared the responsibility for their feeding and care.
On the afternoon of Monday, May 6, 1940, Isabella Tillman, after completing her laundry work, carried a basket of clothes to the back porch of the house. When she opened the door, she saw the Fox terrier lying on the dining room floor and said: "Look how that dog is looking at me". And then Miss Carrie Cook replied: "Come here, you crazy fool, you crazy thing, the dogs will not do you anything." Complying with these instructions, Isabella Tillman walked into the dining room, and, when she put her clothes basket down, the two terriers started at her. Isabella retreated to the porch steps, stumbled and fell down the steps into the yard. The three dogs attacked her, inflicting a wound about one and one-half inches long on the left side of her neck near her jaw, a wound about three inches long on the right leg behind and above the knee, and a wound on her right hand. Isabella's screaming attracted the attention of Miss Mabel Cook, who called the dogs in the house and said: "Carrie, my goodness, what happened to her, why didn't you shut the door and keep the dogs in?"
This event occurred about a week after one of the dogs gave birth to a litter of pups. A witness testified that Miss Carrie Cook admitted that one of the dogs had bitten an ice boy several months prior to the attack on Isabella Tillman. The servant who was employed by defendants immediately after the dogs' attack on Isabella Tillman worked only one day because of the fear caused by the dogs barking and growling at her.
The dogs had been unfriendly towards Isabella Tillman throughout the entire time of her employment. Isabella Tillman testified that the Misses Cook usually maintained close watch over the dogs in order to prevent contact between her and the dogs.
The defendants introduced a number of witnesses who visited in their home as guests, and these witnesses testified to the good nature and character of the dogs. Regardless of the dogs' conduct relative to guests, the record clearly shows that the defendants were placed on notice of the danger of an attack by the dogs on Isabella Tillman, other servants, or delivery boys. The defendants admitted keeping the dogs for protection, and evidently the dogs had been trained to show different degrees of respect for different classes of people.
The law of this state relative to responsibility for the acts of animals was reviewed extensively in the case of Woulfe v. D'Antoni, La.App., Orleans, 158 So. 394. Article 2321 of the Civil Code, the provision specifically covering responsibility for animals, reads in terms of absolute responsibility with the right to limit liability by surrendering an animal which has strayed for more than a day "except where the master has turned loose a dangerous or noxious animal, for then he must pay for all the harm done, without being allowed to make the abandonment."
Despite the wording of Article 2321, the jurisprudence has interpreted the article as being subject to the fault requirements of Articles 2315 and 2316 of the Civil Code. The vicious nature or character of a dog is significant as a basis of fault for imposing responsibility on an owner. Mercer v. Marston, 2d Cir. 3 La.App. 97.
In the present case the unfriendly disposition of the three dogs toward Isabella Tillman during the whole period of employment, the biting of the boy delivering ice, and the failure to take special care with the dogs during the period immediately following the birth of the pups, established *Page 232 
negligence by the Misses Cook in owning and harboring the dogs. It should be noted that the ownership of the dogs in Miss Mabel Cook is not a defense to Miss Carrie Cook, for the harboring of dogs, as well as ownership, is a basis for liability. Reneau v. Brown, et al., Orleans 9 La.App. 375, 158 So. 406.
Furthermore, when Isabella Tillman expressed fear of the dogs on the afternoon of May 6, 1940, when delivering clothes, Miss Carrie Cook extended a guarantee of freedom from danger by advising Isabella that the dogs would not harm her and by commanding Isabella to come into the dining room. This conduct, in and of itself, on the part of Miss Carrie Cook, dispenses with the necessity of proof of ownership or harboring of the dogs and is sufficient negligence in itself for imposition of liability.
In view of the caution which Isabella Tillman took by refusing to enter the dining room until she received assurances from her employer and also a command to enter, she is not guilty of contributory negligence.
The trial court rendered judgment in favor of Isabella Tillman, the plaintiff, and against Miss Carrie Cook and Miss Mabel Cook, defendants, in solido, in the sum of $171.45, with legal interest from judicial demand until paid and for all costs, said amount being itemized as follows, to-wit:
Personal Injuries ....................................... $125.00 Wages ................................................... 15.00 Doctor's Bill............................................ 30.00 Medicine ................................................ 1.45
In our opinion the award of damages is fair, and the judgment of the lower court is affirmed.
Affirmed.