508 So.2d 178 (1987)
Reneé Henry and Patricia LIPPS
v.
Joseph BERNSTEIN.
No. CA-6946.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1987.
J. Robert Ates, Kierr, Gainsburg, Benjamin, Fallon & Lewis, New Orleans, for plaintiff-appellee.
Joseph R. Ward, Jr., Patrick F. Lee, Ward & Clesi, New Orleans, for defendant-appellant.
Before SCHOTT, CIACCIO and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Plaintiff, Reneé Henry and Patricia Lipps, were involved in an automobile accident with defendant Joseph Bernstein. Henry and Lipps filed suit against Bernstein for damages. Bernstein was covered by a $100,000 insurance policy with Continental Insurance Company ("Continental") and an excess policy with Lumbermens Mutual Casualty Company ("Lumbermens") in the amount of $1,000,000. On February 5, 1985 Henry entered into a structured settlement agreement with Bernstein and Lumbermens for a total sum of $609,000. In that agreement Henry released both Bernstein and Lumbermens. In consideration for that settlement agreement on February 5, 1985, Henry executed a Receipt and Release of Joseph Bernstein and a Conditional Release of Lumbermens Mutual Casualty Company which included the following language:
IT IS SPECIFICALLY UNDERSTOOD AND AGREED that I am settling all of my claims against Lumbermens Mutual Casualty Company, Kemper Group, and Joseph Bernstein for all sums except the $100,000 of liability insurance coverage provided Joseph Bernstein by defendant Continental Insurance Company and legal interest on said policy limits from date of judicial demand until paid, as well as legal interest on any judgment in this matter in excess of $100,000 from date of judgment until paid, all of which said claims are specifically reserved by only plaintiff Reneé Henry, solely against the insurance coverage provided Joseph Bernstein by Continental Insurance.
*179 In addition, on February 5, 1985 the trial court granted plaintiff Henry's motion to dismiss Bernstein from all claims she had against him.
Trial in this matter was held on May 12, 13, 14, and 15 of 1986. Prior to trial on May 12, 1986, the defendant filed a motion in limine seeking to declare the settlement agreement between Reneé Henry and Lumbermens relevant and admissible evidence at trial. The trial court denied the motion stating "that the preimary (sic) carrier, Continental Insurance Company, is not entitled to any credit on the exposure because the primary coverage for any payments to Renee (sic) Henryfor any payments of Lumbermen's (sic). That's the issue of the settlement by the plaintiffs against the excess carrier and it's not relevant ..."
After the trial on the merits a jury returned a verdict in favor of Reneé Henry and against Bernstein and Continental in the amount of $191,000. The trial court's judgment in that regard reads as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Reneé Henry and against defendants, Joseph Bernstein and Continental Insurance Company, in solido, in the sum of one hundred ninety-one thousand ($191,000.00) dollars together with judicial interest from the date of demand until paid and all costs of the claim on behalf of plaintiff Reneé Henry, subject to the stipulation entered into between the parties limiting her recovery to the limits of the policy of insurance issued by Continental Insurance Company providing automobile coverage for Joseph Bernstein.
In Hoefly the plaintiff was struck and injured by a car which was driven by a minor. In 1977 the plaintiff filed suit against the minor's mother and the mother's insurer. In 1980 plaintiff filed an amended and supplemental petition naming plaintiffs uninsured motorist ("UM") carrier as a defendant. The UM carrier filed an exception of prescription which was sustained by the trial court and affirmed by the court of appeal. The case was appealed to the supreme court. The issue before that court was whether the UM carrier was solidarily obliged with the tortfeasor so that the victim's timely interruption of the suit against the latter interrupted prescription with regard to the insurer. The Louisiana Supreme Court held that the UM carrier and the tortfeasor are solidarily liable stating that,
An obligation is solidary among debtors when they are obliged to the same thing, so that each may be compelled for the whole, and when payment by one exonerates the other toward the creditor. When these characteristics result from provisions of law, as in the case of the obligation of the tortfeasor and uninsured motorist carrier, an obligation in solido exists without requiring an express declaration.
Hoefly v. Government Employees Insurance Company, 418 So.2d 575, at 576 (La. 1982).
In Fertitta plaintiff was injured in an accident caused by defendant. Plaintiff sued defendant, defendant's insurer and her own UM carrier. Defendant filed a third party demand against her own liability insurer seeking recovery for any judgment in excess of the policy limits on the basis that it had not acted in good faith during settlement negotiations.
Prior to trial plaintiff compromised her claim against her UM carrier for $32,000. In that settlement the UM carrier waived any right to subrogation or reimbursement.
After a trial on the merits plaintiff was awarded $48,701.11 in damages. The trial court also found plaintiff's UM carrier solidarily liable with the defendant up to the $10,000 limit of the policy and rendered judgment in favor of the defendant on her demand against her liability insurer for that amount awarded in excess of the policy limits. The trial court additionally ruled that plaintiff's settlement with her UM carrier would have no effect on the amount of the judgment against the defendant and the defendant's insurer, i.e. defendant would not be entitled to a credit for the settlement between plaintiff and her UM carrier.
Defendant and her insurer appealed claiming that they should have been given *180 credit for the $32,000 settlement between plaintiff and plaintiff's UM carrier because the plaintiff's uninsured motorist carrier was solidarily liable with the defendant, and that partial payment of the debt by one solidary obligor (the plaintiff's UM carrier) exonerates the other (defendant and her insurer) to that extent toward the creditor.
The Louisiana Supreme Court agreed with the appellants. Relying on Hoefly it stated that "[a]n obligor who, because of some provision of law, is liable to repair the damages caused by the tortfeasor is solidarily liable with the tortfeasor despite the independent sources of liability and despite statutory and policy conditions limiting liability to some extent." Fertitta v. Allstate Ins. Co., 462 So.2d 159 at 163 (La.1985). The Fertitta court ultimately held that the $32,000 payment on the solidary obligation by the UM carrier had to be imputed to the debt owed by the defendant, the other solidary obligor.
With regard to the instant case, we find no merit in appellant's argument that Hoefly and Fertitta require that Continental receive credit for the amount of the settlement between Henry and Lumbermens.
As the Louisiana Supreme Court stated in Hoefly,
Care should be taken by civilian attorneys and jurists to be on guard against applying one segment of the code in isolation from others. Neither the Civil Code nor the revised statutes were intended to be applied in this manner. A full delineation of the relationship between the tortfeasor and the uninsured motorist carrier after payment of the debt owed by them solidarily is beyond the scope of this case. However, it is clear that the Civil Code recognizes that debtors, although solidarily bound for the creditor's benefit, may have differing relationships among themselves. The conclusion that debtors are solidarily bound does not alone determine the rights and obligations of the debtors in relation to each other. La.C.C. arts. 2103, 2104, 2106; 2 M. Planiol, supra, nos. 767-771; Wooten v. Wimberly, supra [272 So.2d 303 (La.1973)] (Tate, J., concurring). The Work of the Louisiana Appellate Courts for the 1972-1973 Term-Obligations, 34 La.L.Rev. 231, 233 (1974).
While it is true, in the instant case, that both Continental and Lumbermens were bound in solido with Bernstein it is not necessarily true that Continental and Lumbermens were bound in solido with one another. We find, to the contrary, that Continental and Lumbermens are not bound in solido. Lumbermens and Continental are not obliged for the same thing. Continental is obliged to pay the first $100,000 of any damages while Lumbermens was obliged to pay any amount over $100,000 to a maximum of $1,000,000. The fact that Lumbermens settled its claim with Henry for an amount in excess of what it would have been obliged to pay had it waited for the trial court judgment has no effect on Continental's relationship with Bernstein. Since Lumbermens and Continental are not obliged for the same thing they are not solidary obligors. Thus we find that Continental is not entitled to a credit for the amount of Lumbermens settlement payment to Henry.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.