542 So.2d 740 (1989)
James THOMAS
v.
John DOE, Rent-A-Car Cheap Co., and XYZ Insurance Company.
No. 88-CA-2139.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1989.
Writ Denied June 2, 1989.
Paula Perrone, Metairie, for plaintiff/appellant.
John A. Kopfinger, Jr., Henry Leon Sarpy, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendant/appellee.
Before BARRY, LOBRANO and WILLIAMS, JJ.
LOBRANO, Judge.
This appeal was taken from the dismissal of plaintiff's UM carrier on a plea of prescription. James Thomas filed suit for injuries received in an automobile accident that occurred on September 17, 1980. His vehicle was involved in a collision with a vehicle owned by Rent-A-Car Cheap, Inc. (Rent-a-Car). When the original suit was filed, the defendant driver and his liability insurer were unknown. Only the rental car agency was known to Thomas. Subsequently the driver and Thomas' UM carrier *741 were added as defendants. The UM carrier was dismissed on prescriptive plea. A review of the procedural history of this case is necessary to address the issues.
September 16, 1981: Thomas files original petition against John Doe as the defendant driver; Rent-A-Car Cheap, Inc., as John Doe's alleged rental car company and XYZ Insurance Company as the liability insurer of both John Doe and Rent-A-Car.
May 11, 1984: Thomas files first supplemental and amending petition naming Allianz Insurance Company as the liability carrier for John Doe and Rent-A-Car.
September 24, 1985: Thomas files second supplemental and amending petition naming John H. Maloney, Jr., as the defendant driver.
June 27, 1986: Thomas files third supplemental and amended petition adding Allstate Insurance Company, his alleged uninsured/underinsured motorist carrier, as party defendant.
January 15, 1987: Motion for summary judgment is granted in favor of Allstate Insurance Company, dismissing it as a party defendant. Thomas was not covered by Allstate at the time of the accident.
January 28, 1987: Thomas files fourth supplemental and amended petition naming Metropolitan Property and Liability Insurance Company (Metropolitan) as his uninsured/underinsured motorist carrier.
Pursuant to Thomas' fourth supplemental and amending petition, Metropolitan, on August 31, 1987, filed an exception of prescription based on La.R.S. 9:5629 which provides that the statutory prescriptive period for recovery of damages in motor vehicle accidents under uninsured/underinsured motorist insurance coverage is two years from the date of the accident. Judgment was rendered in favor of Metropolitan dismissing Thomas' suit as having prescribed.
Thomas appeals asserting that the prescriptive period of two years was interrupted by Thomas' filing of the original petition naming Rent-A-Car, a joint tortfeasor and solidary obligor with Maloney and Allianz.
We agree that an uninsured/underinsured motorist carrier, for the purpose of prescription, is solidarily liable with the tortfeasor. Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La.1982). We also agree that under Louisiana law a suit against one solidary obligor interrupts prescription as to all solidary obligors. Hoefly, supra. And, we also recognize that a party who has suffered damages is not obliged to sue all joint tortfeasors who may be responsible for the damages sustained in order to maintain an action for damages against any one or more of them. Huguet v. Louisiana Power and Light Company, 196 La. 771, 200 So. 141 (1941). However, the interruption of prescription by bringing an action against joint tortfeasors solidarily bound cannot be accomplished by the use of fictitious names in the pleadings. At least one actual solidary obligor must be sued. Bankston v. B & H Air Tools, Inc., 486 So.2d 199 (La.App. First Cir.1986), writ den. 488 So.2d 1021. Thus, for Thomas to overcome Metropolitan's prescriptive plea, he must have timely sued a real defendant who is solidarily liable with Metropolitan.
The record shows that only Rent-A-Car was sued within one year of the accident. It's liability insurer, Allianz was added almost three years later, and the driver, John Mahoney, was added four years later. Metropolitan was named over five years later.
The allegations against Rent-A-Car are simply that they were the owner of the vehicle driven by Mahoney, and that they are liable in solido. At no time does Thomas allege any negligence on the part of Rent-A-Car, nor is there any allegations that a contractual relationship existed wherein there was an assumption of liability. Quite simply, Thomas asserts that Rent-A-Car is vicariously responsible because it owns the vehicle.
We find no basis in law to support the proposition that the owner of a vehicle which is leased to another is vicariously *742 responsible for the negligent acts of the driver. To the contrary, our Courts have termed the relationship that of bailor-bailee, and have specifically held that the negligence of the lessee cannot be imputed to the lessor. Dixie Drive It Yourself System New Orleans Company v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962); Villarrubia v. Roy, 162 So.2d 86 (La.App. 4th Cir.1964); Turner v. Ewing, 220 So.2d 518 (La.App. 4th Cir.1969).
Therefore, assuming all of the facts of Thomas' petition as true, there can be no liability on the part of Rent-A-Car. Thus, since Rent-A-Car cannot be liable, a fortiori, there can be no solidary liability with Metropolitan. Bankston v. B & H Air Tools, Inc., supra. Therefore, as to Metropolitan, there was no interruption of the two year prescriptive period and Thomas' suit has prescribed.
The trial court judgment is affirmed. All costs of this appeal to be paid by appellant.
AFFIRMED.