KLIEBERT, Judge.
On June 30, 1987 the plaintiff-appellant, Debra Mitchell, was a guest passenger in a Porsche automobile owned and being operated by Louis Mautone, Jr., in the parking lot of the Ochsner Foundation Hospital. While the Porsche was either stopped or moving at a very low speed (under 5 mph) it was struck in the rear by another vehicle, the owner and operator of which is unknown.
Mitchell sued[1] Mautone and his insurer, American National Property and Casualty Company (ANPACC) for injuries allegedly sustained in the accident. After several settings and continuances of a trial on the merits, Mitchell filed a second supplemental petition on February 6, 1990 (more than three years after the accident) seeking to add “Jane Doe,” the allegedly unknown operator of the vehicle which collided into the rear of the Porsche, and Casualty Reciprocal Exchange (CRE), her uninsured motorist carrier, as defendants in the suit. In response the persons sought to be made defendants by the amending petition filed an exception of prescription grounded in the provisions of LSA-R.S. 9:5629.[2]
Prior to the time the exception of prescription was filed and heard, the original defendants, i.e., Mautone and his insurer, were dismissed on motions for summary judgment based on the contention Mautone was not a tortfeasor.
In the trial court and here, counsel for Mitchell argues the pendency of the suit against Mautone interrupted the running of prescription against CRE and cites Hoefly v. Geico, 418 So.2d 575 (La.1982) in support of her contention. Reasoning that Mautone was never a tortfeasor and hence could not be in solido liable with CRE, the trial judge rejected plaintiffs argument.
We cannot say he erred. In a case with somewhat similar facts the Fourth Circuit in Thomas v. Doe, 542 So.2d 740 (La.App. 4th Cir.1989) at page 741 said:
“[1-4] We agree that an uninsured/underinsured motorist carrier, for the purpose of prescription, is solidarity liable with the tortfeasor. Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La.1982). We also agree that under Louisiana law a suit against one solidary obligor interrupts prescription as to all solidary obli-gors. Hoefly, supra. And we also recognize that a party who has suffered damages is not obliged to sue all joint tortfeasors who may be responsible for the damages sustained in order to maintain an action for damages against any one or more of them. Huguet v. Louisiana Power and Light Company, 196 La. 771, 200 So. 141 (1941). However, the *267 interruption of prescription by bringing an action against joint tortfeasors soli-darily bound cannot be accomplished by the use of fictitious names in the pleadings. At least one actual solidary obli-gor must be sued. Bankston v. B & H Air Tools, Inc., 486 So.2d 199 (La.App. First Cir.1986), writ den. 488 So.2d 1021. Thus, for Thomas to overcome Metropolitan’s prescriptive plea, he must have timely sued a real defendant who is solidarily liable with Metropolitan.”
We fully agree with the Fourth Circuit’s reasoning and law. Thus, since the suit against Mautone did not interrupt the running of the two year prescriptive period set by R.S. 9:5629, prescription had run when plaintiff, on February 6, 1990, sought to amend the suit to bring in additional defendants. Accordingly, we affirm the trial judge’s ruling. Costs of the appeal are to be borne by plaintiff-appellant.
AFFIRMED.

. The initial petition filed on July 24, 1987 alleged Huey Pablovich was the owner-operator and was negligent because he failed to determine the identity of the adverse driver. Subsequently, due to an amended petition filed on July 28, 1987, the litigants considered Louis Mautone, Jr. as having been substituted as the alleged owner-operator of the Porsche.

. LSA-R.S. 9:5629 provides as follows:
“Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained.”