WARD, Judge.
Writ Granted. We reverse the trial court ruling which denied National’s exceptions of prescription and no cause of action.
The plaintiff, Larry Tallman, alleges that on March 23, 1988 the vehicle he was driving was sideswiped and run off the road by an unidentified automobile driven by an unknown operator. On April 7, 1988 Tall-man filed suit against his own uninsured motorist carrier, Champion Insurance Company, for damages. On August 30, 1989 he filed a supplemental and amending petition substituting the Louisiana Insurance Guaranty Association (LIGA) for Champion Insurance Company, which had been placed in liquidation.
On December 10, 1990 LIGA filed a third party demand against National Car Rental System, Inc. (National) claiming that at the time of the accident Tallman was driving a vehicle owned by National; that National provided uninsured motorist coverage which was primary to the coverage provided by LIGA; and that LIGA was entitled to indemnification or, alternatively, for contribution from National as a joint tortfeasor.[1]
On December 27, 1990 Tallman filed another supplemental and amending petition adding National as a defendant and alleging that it provided uninsured/underin-sured motorist coverage to him and that National was liable jointly, severally and in solido with LIGA for damages. The tort-feasor has never been identified and thus has never been sued.
*761 National excepted to the supplemental and amending petition of the plaintiff on the grounds that if Tallman did have an action against it for UM coverage, that action had prescribed under the provisions of 9:5629. National maintained that the two-year prescriptive period established by statute had not been interrupted by the plaintiffs suit against Champion/LIGA because primary and secondary UM insurers are not solidarily liable.
National also excepted to the third party demand of LIGA, claiming that it failed to state a cause of action on two principal grounds. First, an uninsured motorist carrier has no independent right of action against anyone. Rather, upon making payment, the uninsured motorist carrier becomes subrogated, in the amount it has paid, to the insured’s rights against the tortfeasor. Second, assuming that LIGA’s allegations were correct, i.e., that it was the excess UM carrier, while National provided the primary UM coverage, then National’s coverage would have to be exhausted before there could be any recovery from the secondarily liable carrier, LIGA. Once the primary insurer’s limits were exhausted, it could have no further liability to anyone and, therefore, could not be liable for contribution.
We reverse the trial court’s ruling on a plea of prescription for the following reasons. The trial court erred when it relied upon Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982). Plaintiffs in that case timely filed suit against a tortfeasor and it was there held that suit interrupted prescription against their own UM carrier because the tortfea-sor and the UM carrier were solidary obli-gors. The court found that Civil Code art. 2091 applied, in that an obligation is soli-dary on the part of the debtors, “when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor.” Hoefly did not hold that primary and excess UM carriers are solidary obligors, only that tortfeasors and UM carriers are, with respect to the injured plaintiff. The trial court in the instant case has found that the solidarity of obligation between the tortfeasor and the UM carrier in Hoefly and the primary and secondary carrier in the instant case are similar, because the UM carrier’s obligation to pay is conditioned upon the absence or insufficiency of liability coverage of the tortfeasor, just as the secondary UM carrier’s obligation is conditioned upon the insufficiency of the primary UM coverage. This theory is not followed in those cases which distinguish between the obligation of primary and excess carriers.
In Washam v. Chancellor, 507 So.2d 806 (La.1987), the Louisiana Supreme Court held that the threshold for an umbrella policy to take effect, relative to its UM coverage, is the $500,000 limit of the underlying liability policy which was a condition of the umbrella policy terms. In that case, because the insured elected to reduce his UM coverage limits from $500,000 to $10,-000, there was a gap in coverage which the excess carrier was not obligated to fill. In Lipps v. Bernstein, 508 So.2d 178 (La.App. 4th Cir.1987), reversed in part on other grounds, 512 So.2d 426 (La.1987), this court held that a primary insurer was not bound in solido with an excess insurer and was not entitled to credit against the judgment by the amount paid by the excess insurer to the injured party under a settlement agreement.
On the date of the alleged accident, R.S. 22:1406(D)(1)(c)(i), provided that, with respect to bodily injury to an injured party while occupying a vehicle not owned by said injured party, the UM coverage on the vehicle in which the injured party was an occupant is primary. Thus, assuming the correctness of the plaintiff’s allegation that he was injured while an occupant of the vehicle owned by National, the UM coverage of National would be the primary coverage and the plaintiff’s UM carrier would be liable for the excess. The obligations are different and thus are not solidary. Guitreau v. State Farm Mutual Automobile Company, et al, 540 So.2d 1097 (La.App. 1 Cir.1989).
*762 In Thomas v. Doe, 542 So.2d 740 (La.App. 4th Cir.1989), writ den., 544 So.2d 411 (La.1989), this court held that at least one actual solidary obligor must be sued to interrupt the running of prescription. In that case, as in the instant case, the alleged tortfeasor was unknown. The plaintiff knew only that the tortfeasor was driving a rental car from Rent-A-Car-Cheap, Inc. The plaintiff sued Rent-A-Car-Cheap, John Doe, and XYZ Insurance Company, the alleged insurer of Doe and Rent-A-Car-Cheap, on the last day before the case prescribed. Seven years later, the plaintiff amended to add his UM carrier. Thus, the only identifiable party sued within the year was Rent-A-Car-Cheap. This court noted that the negligence of a lessee is not imputable to the lessor/owner of the vehicle. Because Rent-A-Car-Cheap was not liable, there could be no solidary liability between it and the plaintiff’s UM carrier. Consequently, prescription was not interrupted by the filing against Rent-A-Car-Cheap and the right of action against the plaintiffs UM carrier was held to have prescribed two years following the accident.
The obligations of the primary and the excess carrier are not solidary. Therefore, the filing of a lawsuit against the excess carrier (Champion/LIGA) does not interrupt prescription against the primary carrier (National). The exception of prescription relative to the plaintiffs claim against National should be maintained.
We also reverse the trial court’s ruling denying the exception of no cause of action. For the purpose of these pleadings we accept as true LIGA’s allegations that National has a policy which provides UM coverage to the occupants of its vehicles, a fact alleged by LIGA in its third party petition and the plaintiff in its supplemental demand. If National has such a policy, then that coverage is primary. The statute provides that should the primary coverage be exhausted due to the extent of the damages, the injured occupant may recover as excess from other uninsured motorist coverage available. Consequently, assuming UM coverage by National, Tallman could only recover from LIGA for the damages in excess of the National coverage, in which case National would owe no indemnification. The exception of no cause is therefore maintained.
We therefore reverse and render, sustaining National’s exceptions of prescription and no cause of action.
ARMSTRONG, J., dissents and would deny the writ.

. The third party demand alleges that National Car Rental Systems, Inc. is the owner of the vehicle and the provider of primary UM protection to the plaintiff: however, the pleading inadvertently then alleges that a copy of the third party demand be served on "third party defendant, City of New Orleans." The pleading then prays for judgment against the third party defendant for full indemnification and all costs, and alternatively, for contribution from the third party defendant for its proportionate share due to its fault or negligence, in accordance with the doctrine of comparative negligence as between joint tortfeasors. The service instructions direct the sheriff to serve National Car Rental Systems, Inc., through its agent for service of process.