Darryl G. HASSAN

v.

**LOUISIANA DEPARTMENT OF TRANS-
PORTATION & DEVELOPMENT and
Merrick Construction Company.**

Civil Action No. 96–0153.

United States District Court,
W.D. Louisiana,
Alexandria Division.

March 27, 1996.

 

R. Raymond Arthur, Watson Murchison Crews Arthur & Corkern, Natchitoches, LA, for Hassan.

Jack O. Brittain, Sr., Brittain & Sylvester, Natchitoches, LA, for Merrick Const.

James M. Bookter, LA Dept. of Transp. & Dev., Baton Rouge, LA, W. Scott Maxwell, LA Dept. of Justice, Baton Rouge, LA, for LA Dept. of Transp. & Development.

John Robert Halliburton, U.S. Attorney's Office, Shreveport, LA, for United States of

America on Behalf of U.S. Army Corps Engineers.

### RULING

LITTLE, District Judge.

For the reasons that follow, the Motions to Dismiss filed by third-party defendant, The United States Army Corps of Engineers, is granted with respect to third-party plaintiff's strict liability claims but denied in all other respects.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Darryl G. Hassan, originally filed this action in the Tenth Judicial District Court, Parish of Natchitoches, State of Louisiana. Plaintiff named as defendants the Louisiana Department of Transportation and Development ("DOTD") and Merrick Construction Company.

The incident giving rise to the lawsuit occurred on 25 July 1995 when the two defendants allegedly trespassed on plaintiff's property, bordering the Lower Cane River in Derry, Louisiana, and caused extensive damage by grading the property and destroying trees, scrubs and visual barriers. In addition to his trespass claim, plaintiff asserts that the defendants have taken his property without just compensation in violation of the Louisiana Constitution and Louisiana law. Finally, plaintiff claims that defendants have rerouted the Lower Cane River in such a manner that it will erode the plaintiff's property causing future damage.

Defendant, Merrick Construction Company, answered the petition in state court. In addition to offering a general denial, Merrick claimed that it merely followed plans and specifications furnished by the United States Army Corps of Engineers ("Corps") pursuant to a contract between it and the Corps and also asserted that it was not required to obtain any right-of-way from the landowner as that responsibility belonged to DOTD. In conjunction with its answer, Merrick filed a third-party demand against the Corps asserting (1) that if judgment is granted in favor of the plaintiff, the damage was caused by the negligence of the Corps in promulgating defective plans and specifications and directing Merrick to perform work pursuant to them, and (2) in the alternative, that if Merrick is found liable, then DOTD and the Corps are solidarily liable as joint tortfeasors. In other words, though the allegations in its third-party complaint are less than perfectly clear, Merrick essentially seeks either indemnification based on the Corps' negligence in performing its end of the contract or a right of contribution from the Corps as a solidary obligor.

The Corps subsequently removed the action to this court and filed the instant Motions to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1), (2), (4), (5) and (6) asserting primarily that this court lacked subject matter jurisdiction because the third-party plaintiff had failed to exhaust administrative remedies as required by the Federal Tort Claims Act and that the third-party plaintiff had failed to state an actionable claim under the same Act.[1]

## LAW AND ANALYSIS

 In ruling on defendant's motions to dismiss under Rule 12(b)(6), we will accept all factual allegations as true and resolve any ambiguities or doubts regarding sufficiency in favor of the plaintiff. *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993). Similarly, because the defendant's 12(b)(1) motion simply challenges this court's subject matter jurisdiction based on the sufficiency of the pleadings' allegations, those allegations will also be taken as true and construed in the light most favorable to the complainant. *Cedars–Sinai Medical Center v. Watkins,* 11 F.3d 1573, 1583 (Fed.Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2738, 129 L.Ed.2d 859 (1994).

### A. *Failure to Exhaust Administrative Remedies*

 Few principles are more clearly established than the proposition that the sover-

---

1. This ruling is responsive to the United States Army Corps of Engineer's two recently filed Motion to Dismiss, the first filed 25 January 1996 and the second filed 6 March 1996. The latter motion reiterates certain of third-party defendant's objections while apparently dropping others. *See infra* note 2.

eign may not be sued without its specific consent. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941); *Minnesota v. United States,* 305 U.S. 382, 387, 59 S.Ct. 292, 294–95, 83 L.Ed. 235 (1939); *Houston v. U.S. Postal Service,* 823 F.2d 896, 898 (5th Cir.1987), *cert. denied,* 485 U.S. 1006, 108 S.Ct. 1470, 99 L.Ed.2d 699 (1988). The Federal Tort Claims Act ("FTC"), 28 U.S.C. §§ 1346(b) and 2671 to 2680, constitutes the federal government's waiver of its immunity to a variety of suits and sets forth the specific conditions of that waiver. These conditions, however, must be strictly construed, *see Honda v. Clark,* 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967); *Vernell v. U.S. Postal Service,* 819 F.2d 108, 111 (5th Cir.1987), and any ambiguity in construction should be resolved against consent. *See Garcia v. United States,* 776 F.2d 116, 118 (5th Cir.1985).

■ One of the key conditions that the United States has imposed under the FTCA is the requirement that a plaintiff present an administrative claim to the responsible federal agency prior to the initiation of the suit. 28 U.S.C. § 2675(a). The failure of a claimant to exhaust his administrative remedies prior to asserting a federal action under the provisions of the FTCA deprives the court of subject matter jurisdiction over the suit. *Reynolds v. United States,* 748 F.2d 291, 292 (5th Cir.1984).

■ In the present case, the Corps maintains that this court lacks subject matter jurisdiction because the third-party plaintiff, Merrick Construction, has not presented an administrative claim to the agency. As both Merrick and DOTD observe, however, the FTCA provides an explicit exemption from the administrative exhaustion requirement to "such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross claim, or counterclaim." 28 U.S.C. § 2675(a). Because Merrick's claim against the Corps was asserted in the form of a third party complaint, both Merrick and DOTD argue, the administrative exhaustion requirement is inapplicable and Merrick's failure to file an administrative complaint does not destroy this court's subject matter jurisdiction.

■ The Corps' primary response to the third-party plaintiff and DOTD's position is that the third-party complaint exemption of section 2675(a) is only available when the third-party complaint is filed in federal district court, not in state court, as was the case here. This same argument, however, has been considered and rejected by other federal courts. In *Thompson v. Wheeler,* 898 F.2d 406 (3rd Cir.1990), a defendant filed a third-party complaint against the United States in state court and the government subsequently removed the case to federal district court, and just as the Corps did here, filed a motion to dismiss arguing that the defendant's failure to exhaust administrative remedies under 28 U.S.C. § 2675(a) constituted a jurisdictional bar to suit. In rejecting the government's argument, the Third Circuit stated:

> We also hold that Wheeler's failure to file an administrative claim as ordinarily required by 28 U.S.C. § 2675(a) is not a bar to the third party complaint ... The government seeks to avoid the plain language of 28 U.S.C. § 2675(a) by arguing that the proviso is applicable only if the claim against the third party defendant is *in fact* asserted under Fed.R.Civ.P.Rule 14. That, however, is not what the section says as it refers to claims "as may be asserted" under the Federal Rules of Civil Procedure. Thus, it seems to us that Congress was simply defining the types of claims that are exempted from the administrative claim requirement and distinguishing between cases initially brought in the federal courts and those initially brought in the state courts. We think that if Congress had intended to limit the proviso to claims that are *in fact* asserted under the Federal Rules of Civil Procedure it would have said so.

*Id.,* at 410 (emphasis in original). We find the Third Circuit's reasoning here to be highly persuasive and see no reason not to reach a similar conclusion in the present case. *See also Jackson v. Southeastern Pa. Transportation Authority,* 727 F.Supp. 965, 966–67 (E.D.Pa.1990), (holding that § 2675(a) does not present a jurisdictional bar when third-party complaint asserted in state court against the United States Postal Service was

removed to federal court). Indeed, we note that were the exhaustion requirement of § 2675(a) applied in the present case, the plaintiff would effectively be allowed to avoid joining an indispensable party as defined by Fed.R.Civ.P.Rule 19(a) leaving the defendants, if they are cast in judgment, with no recourse against that party except to bring a separate administrative claim and eventual judicial action for indemnification or contribution. This situation would result in a significant waste of judicial resources and create a substantial risk that complete relief would not be accorded to all parties.

■ Recognizing the strong likelihood that the third-party petition here would be considered "as [one which] may be asserted under the Federal Rules of Civil Procedure," despite having been actually asserted in state court, the Government also argues, in any event, that Merrick could not assert a proper third-party complaint under Fed.R.Civ.P. 14(a) because his claim is "separate and independent of the main claim even though arising out of the same general set of facts." Rule 14(a), of course, provides that a third-party complaint may only be asserted by a defending party against "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." What this rule means is that the procedural tool of a third-party complaint (or impleader) is available to a defendant when "the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1446 at 355–56 (1990). According to the leading commentators, "[t]he crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Id.* at 377. As long as there is an assertion of secondary or derivative liability, "it is irrelevant whether the basis of the third-party claim is indemnity, subrogation, contribution ... or some other theory." *Id.* at 361–63.

Thus, in the present case, both Merrick's claim against the Corps for indemnification of its potential liability to the landowner and its claim for contribution on the basis of solidary liability represent classic examples of the kind of claim that may be asserted under Rule 14(a). *See Brogle v. South Carolina Elec. & Gas Co.*, 509 F.2d 1216, 1217 n. 1 (4th Cir.1975) (savings clause gave defendant power company an indemnification cause of action against customer which could have been brought as third-party complaint under Rule 14(a)); *Travelers Ins. Co. v. Busy Elec. Co.*, 294 F.2d 139, 149 (5th Cir.1961) (impleader allowed to permit the assertion of a claim based on contractual indemnity or tort indemnity); *Craigie v. General Motors Corp.*, 740 F.Supp. 353, 360–61 (E.D.Pa.1990) (manufacturer sued in strict liability by vehicle passengers entitled to seek contribution from driver in third-party complaint). In short, we find that Merrick's third-party claim against the Corps meets the requirements of Rule 14(a) and thus qualifies for the third-party complaint exemption from the administrative exhaustion requirement of 28 U.S.C. § 2675(a).

### B. *Claims Actionable under the FTCA*

Though not clearly presented, the Corps' second major contention in their motions to dismiss is that Merrick's third-party complaint is not actionable under the FTCA because it does not actually constitute a tort claim as defined by 28 U.S.C. § 1346(b), but rather a contract claim, which, under the Tucker Act, 28 U.S.C. § 1346(a)(2), cannot be brought in this court unless it is for less than $10,000, or a claim for misrepresentation which is expressly excepted from those claims allowed under the FTCA by 28 U.S.C. § 2680(h).

■ Before proceeding to the analytical question of categorizing Merrick's claims against the United States, we note first that the substance of the claim and not the complainant's characterization of it controls whether the claim falls within § 1346(a) or § 1346(b). *Karlen v. United States,* 727 F.Supp. 544, 546 (D.S.D.1989). With that said, we find that Merrick's third-party

claims, in essence, charge the Corps with negligence and trespass.

■ Merrick's first claim alleges that the Corps promulgated defective plans and specifications that caused it to trespass on and damage plaintiff's property. Though Merrick seeks indemnification for any liability it owes plaintiff through this claim, the actual claim itself is grounded in negligence and thus falls squarely within those claims actionable under § 1346(b).

■ Merrick's second claim, perhaps not easily distinguishable from the first, is that the Corps was actually a co-trespasser with Merrick, due to their contractual relationship, and should be solidarily bound with it. Under Louisiana law, claims for contribution brought by one co-trespasser against another are governed by the Louisiana Civil Code articles on solidary obligations. *See, e.g., Lavergne v. Lawtell Gravity Drainage Dist.,* 562 So.2d 1013, 1017 (La.Ct.App. 3rd Cir.1990); *Huguet v. Louisiana Power & Light Co.,* 196 La. 771, 200 So. 141, 142 (1941). The fact that obligations principles may govern the allocations of the co-trespassers' solidary obligations to the obligee, the landowner, however, does not change the fact that the actual claim that the third-party plaintiff is bringing against the third-party defendant (or is seeking to transfer to it) is one for trespass. Numerous federal courts, in turn, have consistently recognized that trespass actions, though perhaps not considered to be strictly negligence claims, fall within those claims "for injury or loss of property ... caused by the negligent *or wrongful act or omission*" of government employees and agencies actionable under § 1346(b). *See Hatahley v. United States,* 351 U.S. 173, 181, 76 S.Ct. 745, 751–52, 100 L.Ed. 1065 (1956); *McKay v. United States,* 703 F.2d 464, 470 (10th Cir.1983); *Holmes Herefords, Inc. v. United States,* 753 F.Supp. 901, 912 (D.Wyo.1990). Because a private person might be liable to the plaintiff or third-party plaintiff in accordance with Louisiana law on trespass in factual circumstances similar to this case, we have no trouble concluding that plaintiff's second claim also falls within § 1346(b).

■ The contention raised by the Corps in their second Motion to Dismiss that Merrick's third-party complaint is barred by 28 U.S.C. § 2680(h)'s exception for "misrepresentation, deceit, or interference with contract rights" appears misplaced at the present time. Fifth Circuit decisions that have applied the misrepresentation exception to FTCA act claims have, for example, involved claims that FDIC regulators made misrepresentations with regard to failed savings and loans institutions that caused an investment fund to suffer damages, *McNeily v. United States,* 6 F.3d 343, 348–49 (5th Cir.1993), or claims by an air cargo company that the FAA made misrepresentations causing it to surrender its operation certificates, *Atoril Air, Inc. v. F.A.A.,* 942 F.2d 954, 956 (5th Cir.1991), that is, situations in which parties allegedly relied on inaccurate or misleading statements made by government agents.

In the present case, Merrick's primary claims are that the Corps promulgated defective plans and specifications or participated as a co-trespasser in trespassing on and damaging the landowner's property. If allegations of misrepresentation or deceit are involved here at all, they may only be incidental to these primary contentions. Furthermore, we note that the "sparsity of information available" about any of the claims asserted in this case "makes a dispositive characterization premature under the circumstances." *Karlen,* 727 F.Supp. at 548–49. If discovery reveals that the third-party plaintiff's claims actually arise from misrepresentation or deceit, this court would entertain another motion to dismiss under Fed.R.Civ.P. 12(b) as Fed.R.Civ.P. 12(h)(3) "permits a defendant to challenge subject matter jurisdiction at any time during the proceeding, even if the defendant has previously filed a 12(b) motion." *Id.* As a result, the third-party defendant's motions to dismiss for failure to state a claim under the FTCA must be denied.

C. *Improper Party and Insufficiency of Service of Process*

The Corps third and fourth objections to Merrick's third-party complaint were brought under Fed.R.Civ.P. 12(b)(1) and (5)

and contend respectively that the third-party plaintiff could not maintain a suit under the FTCA against the Corps of Engineers *eo nomine* but only against the United States and that the third-party plaintiff had not completed service of process in compliance with Fed.R.Civ.P. 4(i)(1) and (2). Both of these objections, however, are now moot.

First, this court has permitted Merrick to amend its complaint to name the United States as an additional third-party defendant. Because the Corps of Engineers is strictly speaking still an improper party defendant pursuant to 28 U.S.C. § 2679, however, the Corps *eo nomine* will be dismissed and the United States will hereafter replace it as third-party defendant in this action.

Second, since the filing of the Corp's first Motion to Dismiss, Merrick has now "re-served" in compliance with Rule 4(i). Because the third-party defendant has not been materially prejudiced and, more importantly, because this court possesses authority under 28 U.S.C. § 1447(a), once a case has been removed, to "issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise," this court finds that it has been now properly vested with jurisdiction and that third-party defendant's 12(b)(5) objection is moot.[2]

### D. *Strict Liability*

The Corps' final objection is that whatever claims Merrick has asserted in strict liability should be dismissed because the United States has not waived sovereign immunity for such matters. *See Laird v. Nelms*, 406 U.S. 797, 802–03, 92 S.Ct. 1899, 1902–03, 32 L.Ed.2d 499 (1972) (holding that FTCA did not authorize suits against the government based on strict liability for ultra-hazardous activities). Finding no opposition to this ob-

jection, this court will dismiss third-party plaintiff's claims based on strict liability.

### CONCLUSION

For the reasons stated above, third-party defendant's Motions to Dismiss are GRANTED with respect to third-party plaintiff's claims based on the theory of strict liability. Third-party defendant's motions are DENIED in all other respects.

In addition, the United States Army Corps of Engineers *eo nomine* will be dismissed as third-party defendant and references to the third-party defendant in subsequent pleadings will be to the United States of America.

---

2. We note that the Corp's second Motion to Dismiss filed 6 March 1996 makes no mention of its previous Rule 12(b)(5) motion for insufficiency of service of process. We regard this silence as further evidence that Merrick's "re-service" in compliance with Rule 4(i) has rendered this particular objection moot.

Finally, the Corps' implication in its 29 February 1996 Reply Memorandum that service could not be effectuated within the 120 day period provided by Fed.R.Civ.P. 4(j) is not supported by any factual statement and indeed appears to be directly controverted by the filing and service dates as this court is able to discern them. The Assistant United States Attorney's statements to the court that "one may wish to read" or "one may wish to glance at" a string of cases on this point without providing any argument or explanation are not appreciated.