**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 98-31224
Summary Calendar**

_____

**DARRYL G HASSAN,**

**Plaintiff-Appellee,**

**versus**

**LOUISIANA DEPARTMENT OF TRANSPORTATION & DEVELOPMENT,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-1224)

_____

July 26, 1999

Before HIGGINBOTHAM, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

      This case began when Hassan filed state-law claims for
trespass and a taking against the Louisiana Department of
Transportation and Development ("the LDOTD") on account of erosion
caused to his land by work done to re-route the lower Cane River.
The case was removed to federal court when the LDOTD impleaded the
United States Army Corps of Engineers ("the Corps"). Leaving aside
other complex but irrelevant procedural twists, the district court,
in a single opinion, severed the third-party claim as improper
under Rule 14, remanded Hassan's state-law claims to state court,

_____

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

and transferred the severed claim to the Court of Federal Claims. The LDOTD appeals that order.

## Appellate Jurisdiction

This court must first address its jurisdiction.[1] Generally, remand orders are not reviewable on appeal, see 28 U.S.C. § 1447(d),[2] but this case falls into a partial exception to that rule. Although this court cannot review a remand order itself when the remand is based on lack of subject matter jurisdiction, it can review any aspect of the "judgment which is distinct and separable from the remand proper." John G. and Marie Stella Kennedy Mem'l Found. v. Mauro, 21 F.3d 667, 670 (5th Cir. 1994); see also City of Waco v. United States Fidelity & Guar. Co., 293 U.S. 140, 142-43, 55 S. Ct. 6, 7 (1934).

The question here is whether the district court's decision to sever the LDOTD's third-party claim was separable from the remand order. An order is separable if it "precedes that of remand 'in logic and in fact' and is 'conclusive,' i.e., it will have the preclusive effect of being functionally unreviewable in the state court." Linton v. Airbus Industrie, 30 F.3d 592, 597

---

[1]This panel is not precluded from addressing jurisdiction by a motions panel's prior denial of Hassan's motion to dismiss this appeal for lack of jurisdiction under 28 U.S.C. § 1447(d). See Browning v. Navarro, 887 F.2d 553, 557 (5th Cir. 1989); Equal Employment Opportunity Comm'n v. Neches Butane Prods. Co., 704 F.2d 144, 147 (5th Cir. 1983). Furthermore, we note that our result is not incompatible with that of the motions panel; we do not find that the entire appeal should be dismissed for lack of jurisdiction.

[2]Section 1447(d) reads in relevant part as follows: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...."

(5th Cir. 1994).  There is no question that the decision to sever the third-party claim from Hassan's case preceded the decision to remand in both logic and fact; so long as the Corps remained in Hassan's case, it would not be remanded to state court. Furthermore, the decision to sever the third-party claim was conclusive.  Unlike jurisdictional findings, which can be reviewed in state court, decisions to dismiss claims or parties can be reviewed under the collateral order doctrine when they precede a remand order.  See City of Waco, 293 U.S. at 143, 55 S. Ct. at 7 (dismissal of third-party defendant is reviewable); First Nat'l Bank v. Genina Marine Servs., Inc., 136 F.3d 391, 394 (5th Cir. 1998) (dismissal of third-party claims is reviewable); Mitchell v. Carlson, 896 F.2d 128, 133 (5th Cir. 1990) (decision to resubstitute individual defendant for United States is reviewable). The district court's decision here to sever the LDOTD's third-party claim removed a party from the case and was conclusive.

This court has jurisdiction to review the district court's decision to sever the third-party claim, but no jurisdiction to review its remand of Hassan's claims to state court, inasmuch as the latter decision was based on a lack of subject matter jurisdiction.  28 U.S.C. § 1447(d).

### The Merits of the Decision to Sever

A defendant may bring a third-party claim against "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  FED. R. CIV. P. 14(a).  A

3

district court's decision not to allow a third-party claim under Rule 14 is reviewed for an abuse of discretion. See First Nat'l Bank of Nocona v. Duncan Sav. & Loan Ass'n, 957 F.2d 775, 777 (5th Cir. 1992).

The district court determined that the LDOTD's third-party claim did not comport with Rule 14(a) because the LDOTD's claim essentially asserted that the LDOTD had nothing to do with the construction work done on the lower Cane River and that the Army Corps of Engineers had done it all. This was a correct reading of the LDOTD's third-party petition, which repeatedly disclaims any involvement with the actions about which Hassan complains.[3]

It was also a correct reading of Rule 14(a), which exists to bring in third parties who are _derivatively_ liable to the impleading party. The fact that LDOTD's complaint deals with the same transaction or occurrence as Hassan's is insufficient to make for proper impleader; here, the liability of the Corps to the LDOTD is not "dependent upon the outcome of the main claim" between Hassan and the LDOTD. United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 752 (5th Cir. 1967); see also Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 368 n.3, 98 S. Ct. 2396, 2399 n.3 (1978) ("Under Rule 14(a), a third-party defendant may not be impleaded

---

[3]The LDOTD's invocation of its "general agreement" about rights of way with the Army Corps of Engineers is insufficient to demonstrate any derivative liability -- even under the liberal rules of notice pleading -- because the next paragraph of its petition asserts that "[n]o rights of way were acquired or provided by DOTD pursuant to this project."

4

merely because he may be liable to the <u>plaintiff</u>." (emphasis in original)).

Because the district court correctly read Rule 14(a) and the LDOTD's third-party complaint, it did not abuse its discretion in severing the third-party claim from Hassan's claim.[4]

We note that the district court read Hassan's complaint as raising no taking claim under the United States Constitution, and Hassan continues to stress on appeal that he brings only state law claims. There is no federal question in this case. Nor has there ever been; removal was predicated on the presence of a federal party (the Corps), <u>see</u> 28 U.S.C. § 1442(a). Hassan has not defeated removal "by omitting to plead <u>necessary</u> federal questions in a [state law] complaint," <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 22, 103 S. Ct. 2841, 2853 (1983) (emphasis added).

\*     \*     \*

---

[4]The LDOTD argues that the district court failed to consider whether the Corps was an indispensable party under Rule 19, noting that the district court had previously called it one. This misrepresents the district court's prior decision, in which it called the Corps an indispensable party to Hassan's claim against the construction company <u>hired by the Corps</u>. <u>See</u> <u>Hassan v. Louisiana Dep't of Transp. & Dev.</u>, 923 F. Supp. 890, 894 (W.D. La. 1996). Where the construction company had a valid claim of derivative liability against the Corps, there was no conflict between Rules 14(a) and 19. Nor is there one here, where the Corps has no place in the lawsuit between Hassan and the LDOTD. The absence of the Corps will not preclude "complete relief" between Hassan and the LDOTD. <u>See</u> FED. R. CIV. P. 19(a)(1). In addition, even were the Corps a joint tortfeasor with the LDOTD, it would not be an indispensable party under Rule 19(b). <u>See</u> <u>Temple v. Synthes Corp.</u>, 498 U.S. 5, 7, 111 S. Ct. 315, 316 (1990).

5

The district court's order severing the LDOTD's third-party claim is AFFIRMED, and the appeal of the district court's remand order is DISMISSED for lack of jurisdiction.

AFFIRMED in part and DISMISSED in part.